W.J. "Bill" McCUEN, et al. *v.* Benjamin L. McGEE, et al.

93-581            868 S.W.2d 503

Supreme Court of Arkansas
Opinion delivered January 24, 1994

*Ronald C. Wilson*, for appellant.

*Arnold, Grobmyer & Haley*, for appellee.

STEELE HAYS, Justice. This action for mandamus and declaratory judgment was brought by Benjamin L. McGee (appellee) to determine whether Ronald Carl Wilson (appellant) was eligible to seek the office of House of Representatives, District 95, Crittenden County, Arkansas, in the general election held in November, 1992. The question we are asked to decide was rendered moot by that election and that resolves the dispute.

In October of 1991 the Board of Apportionment of the State of Arkansas, pursuant to litigation pending in federal district court,[1] adopted a plan of reapportionment redefining several districts of the Arkansas House of Representatives. The plan and attendant maps and exhibits were filed with the Secretary of State in January, 1992. The plan became final in February, 1992, for purposes of the primary and general elections of that year. *See Harvey* v. *Clinton*, 308 Ark. 546, 826 S.W.2d 236 (1992).

Under the plan House District 48 of Crittenden County, a single, multi-member district, became two districts- District 95 and 96. The two districts were divided by Judge Smith Drive in the City of Marion- District 95 to the north and District 96 to the south.

Appellee Benjamin L. McGee was elected to the seat representing District 48 at the 1988 election and resided in the suc-

---

[1] *Jeffers, et al.* v. *Clinton, et al.*, 740 F. Supp. 196 (E.D. Ark. 1990).

cessor district, District 95. McGee filed for that position in the Democratic primary of 1992 and was elected without opposition.

On April 29, 1992, Ronald Carl Wilson completed the necessary forms to qualify as an independent candidate for District 95 and filed them with the Secretary of State. Those documents reflected that Wilson resided on the south side of Judge Smith Drive and, hence, in District 96. The Secretary of State certified appellant Wilson's name to the Crittenden County Board of Election Commissioners as an independent candidate for the general election in 1992.

Thereafter appellees McGee and Helen Adams, a registered voter of District 95, petitioned for a writ of mandamus and declaratory judgment in the Circuit Court of Pulaski County to determine on an expedited basis the eligibility of appellant Wilson to be a candidate in District 95. Named as respondents were W.J. "Bill" McCuen, Ronald Carl Wilson and the members of the Board of Election Commissioners of Crittenden County. Following a hearing the trial court found on undisputed testimony that Wilson resided outside District 95 and therefore was not a resident of the district for one year preceding the election as required by Article 5, Section 4 of the Arkansas Constitution. The court declared that Wilson should not have been certified as a candidate in District 95 and that mandamus should issue to remove his name from the ballot or, if impracticable, to refrain from counting any votes cast for him. The trial court rejected Wilson's contention that because District 95 had not been in existence for one year it was impossible to have met the residency requirement of art. 5, § 4.

Ronald Carl Wilson has appealed on four assignments of error: the trial court erred in finding him ineligible to run in District 95; even if the Arkansas Constitution requires residency in District 95 for one year it was impossible to meet that requirement since District 95 had not existed for a year; the trial court erred in admitting petitioner's exhibits 1 and 2, maps of reapportionment; and the trial court erred in not deferring to the pending federal litigation.

In response, appellee McGee maintains that the abstract is flagrantly deficient under rule 4-2(b)(1)(2) in that the

testimony before the trial court is reproduced verbatim with no attempt at condensation and that neither the judgment nor two crucial exhibits- the maps of Districts 95 and 96 are abstracted. However, we need not address the sufficiency of the abstract as we agree with appellee that inasmuch as appellant made no attempt to obtain a stay from the trial court or this court and McGee was certified as the successful candidate to represent District 95, has taken his seat and is now serving, the issue is wholly moot.

We have often said we do not render advisory opinions. *Robinson* v. *Craighead County Board of Election Commissioners*, 300 Ark. 405, 779 S.W.2d 169 (1989); *Stafford* v. *City of Hot Springs*, 276 Ark. 466, 637 S.W.2d 553 (1982); *McCuen* v. *Harris*, 271 Ark. 863, 611 S.W.2d 503 (1981). There are exceptions where the public interest is involved and the issue tends to become moot before it can be fully litigated. *See Robinson* v. *Craighead, supra.* But appellant has not addressed that question except insofar as his own interest is concerned and we are not persuaded that an exception should be made in this case. The lapse of time has cured any recurrence of the residency issue with respect to these districts and we do not foresee a need to issue an opinion which would be clearly advisory.

Affirmed.

BROWN, J., not participating.