William BENTON and Meigs R. Brainard *v.* Helen McClinton BRADLEY, County and Probate Clerk of Jefferson County, Arkansas, Board of Election Commissioners, Trey Ashcraft, Chairman of the Majority Party, Wayne Easterly, Secretary, Anne E. McClaran, Commissioner, Taylor Eubank, Executive Director, and Waymond Brown

00-1181                                           37 S.W.3d 640

Supreme Court of Arkansas
Opinion delivered March 1, 2001

*John Cone* and *Evans Benton*, for appellants.

*Earnest E. Brown, Jr.*, for appellee.

R AY THORNTON, Justice. The issue presented by this case is whether the order of the trial court, denying appellant's petition for a writ of mandamus to prevent Waymond Brown from consideration as a candidate for Second Division Pine Bluff Municipal Judge, should be reversed after the election has been held and after Waymond Brown has taken the office of municipal judge. We do not reach this issue on appeal because it is moot, and we dismiss the appeal.

This case is a companion case to *Benton v. Gunter*, 342 Ark. 543, 29 S.W.3d 719 (2000) ("*Benton* I"), where we affirmed a trial court's ruling that appellant, William Benton, was not a resident of Pine Bluff, and therefore, Benton's name was removed from the ballot because he did not fulfill the residency requirement for the candidacy of Second Division Pine Bluff Municipal Judge. Although the issues in *Benton* I, *supra*, were decided by the trial court at the same time as those presented by this case, the matters were filed and conducted in separate dockets, and the two appeals were taken as separate appeals. The appeal in *Benton* I, supra was expedited, and we decided the case before the November, 2000 election. This appeal was not expedited and now reaches us for review. Appellants now ask that we reverse the trial court's determination that Waymond Brown was qualified to be a candidate, and that we reverse the trial court for failing to issue a writ of mandamus to exclude Brown from the November ballot.

■■ The issue presented in this appeal might have been expedited and presented to us for decision prior to the November election. Because the matter was not expedited, the issue before us is now moot. We have held that the appropriate procedure for contesting the eligibility of a candidate and removing that candidate from the ballot *before* election is a mandamus action in conjunction with an action for declaratory judgment. *Valley v. Bogard*, 342 Ark.

336, 28 S.W.3d 269 (2000); *Jacobs v. Yates*, 342 Ark. 243, 27 S.W.3d 734 (2000); *State v. Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989).

■ Any review by us of the trial court's interpretation of Waymond Brown's qualifications for candidacy of Second Division Pine Bluff Municipal Judge would not only be untimely, but would also constitute an advisory opinion. We have often said we do not render advisory opinions. *McCuen v. McGee*, 315 Ark. 561, 868 S.W.2d 503 (1994). There are exceptions where the public interest is involved, and the issue tends to become moot before it can be fully litigated. Benton has not suggested that this case is such an exception, and we are not persuaded that an exception should be made in this case. Accordingly, we dismiss.

Dismissed.