## Maxine BALL *v.* PHILLIPS COUNTY ELECTION COMMISSION

05-105 222 S.W.3d 205

Supreme Court of Arkansas
Opinion delivered January 12, 2006

*J. L. Wilson*, for appellant.

*L. Ashley Higgins, P.A.*, by: *L. Ashley Higgins*, for appellee.

BETTY C. DICKEY, Justice. This appeal arises from an order of the Phillips County Circuit Court, denying a petition, filed by appellant, for a writ of mandamus, declaratory judgment, and

negative injunctive relief. Maxine Ball challenged the eligibility of one candidate, Bobby Jones, running for a position on the Board of Directors for the Helena-West Helena School District. Ball now asserts that the circuit court erred by: (1) denying her request for disqualification; (2) finding lack of subject matter jurisdiction in the cause below, and making the determination of substantive issues after determining that subject matter jurisdiction was absent; (3) not entering a judgment of default against appellee Bobby Jones; (4) determining that appellee Jones was a qualified candidate; (5) arbitrarily setting the cause below for trial in St. Francis County and finding Ball's attorney in contempt; and, (6) ordering a dismissal. Our jurisdiction over this election case is pursuant to Ark. Sup. Ct. R. 1-2(a)(4). The appeal is moot and it is dismissed.

This is not the first time that a case involving appellant's challenge regarding the eligibility of Bobby Jones as a candidate has come before this court. *Jones v. Phillips County Election Commission*, 358 Ark. 339, 190 S.W.3d 273 (2004). In *Jones*, this court reviewed a decision by the Phillips County Circuit Court regarding Maxine Ball's challenge to Bobby Jones' eligibility for a seat on the Helena-West Helena School Board in the September 16, 2003, election. This court did not reach the merits of the name-removal issue because the case on appeal was summarily affirmed and dismissed for Jones' failure to comply with Ark. Sup. Ct. R. 4-2. *Id.*

The following year the Helena-West Helena School Board election was scheduled for September 21, 2004. On September 13, 2004, eight days before the election was to be held, Ball filed a petition for a writ of mandamus/petition for declaratory judgment/petition for negative injunctive relief in Phillips County, asserting that Bobby Jones is a convicted felon and therefore an ineligible candidate under Ark. Code Ann. § 7-5-207(b) (Repl. 2000). Ball argued that, while Jones' previous felony convictions were "expunged" and his record sealed by orders of the Phillips County Circuit Court, his civil rights could be restored through the expungement of a record but his political rights could not. Ball requested that an immediate hearing be held on the writ of mandamus within two to seven days. It should be noted that two of the eight days before the election fell on a weekend. Ball also filed a letter in the clerk's office addressed to Judge Harvey Yates and Judge L.T. Simes, II, requesting that they both recuse. The letter also informed the court that a procedural

and statutory mandate required the case to be heard on or before September 20, 2004, the day before the election.

Judge Simes did not recuse and on September 17, 2004, appellant filed a motion for reconsideration, a motion to disqualify, and a request for immediate hearing. Judge Simes' calendar included: criminal plea and arraignment in St. Francis County on September 13, 2004; two civil hearings and motions on September 14, 2004, in Phillips County; and, a hearing on September 16, 2004. Judge Simes was out of town on other court business on Friday, September 17, 2004. Monday, September 20, 2004, there was a previously scheduled jury trial in St. Francis County that was expected to last at least three days. The case coordinator filed a letter on September 20, 2004, at 10:15 a.m., notifying counsel of the jury trial in session in St. Francis County, and the difficulty of scheduling a hearing. However, the case coordinator also notified counsel regarding Judge Simes' intention to hold a hearing at 3:00 pm that afternoon in St. Francis County. Ball's attorney verbally expressed to the case coordinator his opposition regarding the hearing being held outside Phillips County and his concern that he could not be prepared on such short notice. A formal letter from the court giving counsel notice of the hearing was filed at 11:20 a.m. on September 20, 2004.

At the hearing in St. Francis County, on September 20, 2004, counsel for Bobby Jones, and the counsel for Joanne Smith, Maxine Miller, and Joe Howe, or his successor, and Linda White, were present, along with the county and probate clerk. However, Ball's attorney did not attend the hearing, did not call the St. Francis County Circuit Clerk's office, and did not give the court any explanation for his non-attendance. During the hearing, Jones asked that the court dismiss the recusal motion. There were no objections and the trial judge, saying that there was no basis to disqualify himself, granted Jones' motion, and denied the motion for recusal. Jones also asked the court to dismiss the writ of mandamus petition, however the court considered the matter submitted for decision because there was not yet an explanation for the absence of Ball's attorney. On November 5, 2004, Judge Simes filed the order dismissing appellant's petition in its entirety.

 Simply stated, Ball's petition was untimely. The candidates' names were certified on or before August 6, 2004. Ball offers no compelling reason for waiting thirty-eight days to file her petition for writ of mandamus and declaratory judgment to remove Jones' name from the ballot. If Ball had filed her suit within

this thirty-eight day period (or, including the eight days following the September 13, 2004, the forty-six day period), there would have been ample time in which to resolve all relevant issues raised by Ball prior to the September 21, 2004 election. Ball was well acquainted with the special procedure required to challenge Jones' alleged ineligibility due to his felony convictions, since she pursued such a suit against Jones in the 2003 school election. Ball's inability to have Jones' name removed from the ballot in the 2004 School District Election was due to her decision to wait until eight days before the election to file her petition; in addition, she was unsuccessful in obtaining an order preventing the Phillips County Election Commission from certifying the returns tallied in this race. In short, this election case is moot.

As a general rule, the appellate courts of this state will not review issues that are moot. *Allison v. Lee County Election Commission et al.*, 359 Ark. 388, 198 S.W.3d 113 (2004). To do so would be to render advisory opinions, which we will not do. *Id.* Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* We have recognized two exceptions to the mootness doctrine. *Id.* The first exception involves issues that are capable of repetition, but that evade review, and the second exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Id.*

The issues raised by Ball are not considerations of substantial public interest which, if addressed, would prevent future litigation. *See Allison, supra.* While it is true that, in some election cases, we will consider the merits of an appeal after the election has been held, we usually do so when the public interest is involved. Appellant does not suggest that this case falls within that exception, and we are not persuaded that an exception should be made. Any review of this case would be untimely and constitute an advisory opinion. It is well established that this court will not render advisory opinions. *Benton v. Bradley*, 344 Ark. 24, 37 S.W.3d 640 (2001).

We are also aware of Ball's additional allegations and argument that the trial judge should have disqualified because of serious conflicts of interest. This argument was not raised in Ball's September 13, 2004, petition, although her counsel later raised the issue by a letter filed with the circuit court on Thursday, Septem-

ber 16, 2004 — only five days prior to the September 21, 2004 school election. The trial court did set a hearing for Monday, September 20, which complied with the seven-day deadline as required by Ark. R. Civ. P. 78(d).

As previously noted, all parties had been notified of the September 20 hearing; however, Ball's counsel was the only one not present. The trial court later learned that Ball's attorney had filed a "letter motion" with the Phillips County Clerk's Office on September 20, 2004, again asking the trial judge to disqualify and stating his objections to the court holding a hearing in St. Francis County. As to the venue issue, Ball relied on Ark. Code Ann. § 16-13-201(b) (Supp. 2005), which in relevant part provides that "[n]o contested case may be tried outside of the county or venue of case, except for an agreement of the parties interested." The trial judge's position was (and is on appeal) that Ball should have appeared at the September 20 hearing in St. Francis county where the judge would have had the opportunity to review the statutory law on venue, so he could properly rule on whether Ball's motions could be considered in St. Francis county or whether the law required the hearing to be removed to Phillips County.

Regardless of what the answer might be to this venue issue, it remains true, as considered and fully discussed above, that Ball failed to pursue her petition for mandamus and declaratory judgment expeditiously in order to obtain the remedy to remove Jones' name from the ballot before the election or before the election results were certified. In other words, Ball's lawsuit became moot due to her own failure to act timely in the special proceeding.

Irrespective of the court's rulings on the disqualification and venue issues, those matters would not have been reasons to delay the trial judge's consideration of Ball's paramount quest for a writ of mandamus and declaratory judgment, had Ball filed her motion timely. However, she failed to do so. Ball could not parlay her two subsequent motions into a basis for showing that the trial court erred in delaying its decision on the ultimate issue of removing Jones' name from the School District election ballot. The denial of neither Ball's motions for the judge to disqualify, nor her motion challenging venue, were final judgments or orders that can be appealed at this state of the mandamus/declaratory-judgment proceeding, because Ark. R. App. P. – Civ. 2 does not authorize such an interlocutory appeal. *See Manila School District*

*No. 15 v. Wagner*, 357 Ark. 20, 159 S.W.3d 285 (2004). Ball's suit effectively ended when her petition was filed untimely, which made this matter moot.

Appeal dismissed.