Gary ZOLLIECOFFER *v.* Virginia POST

07-194                                        265 S.W.3d 114

Supreme Court of Arkansas
Opinion delivered October 11, 2007

[Rehearing denied November 8, 2007.]

*Barham Law Office, P.A.*, by: *R. Kevin Barham*, for appellant.

*Craig L. Cook*, for appellee.

JIM HANNAH, Chief Justice. Altus mayoral candidate Gary Zolliecoffer appeals a November 15, 2006 order of the

Franklin County Circuit Court granting relief in a pre-election challenge filed post election by opponent candidate Veronica Post. In the circuit court's order, Zolliecoffer was declared ineligible to run as a candidate in the Altus mayoral race, and the Franklin County Election Commission was prohibited from certifying any votes cast for Zolliecoffer.[1] Zolliecoffer attempts to appeal only the circuit court's order prohibiting the Election Commission from certifying votes cast in his favor. We hold that the circuit court lacked subject-matter jurisdiction to consider a pre-election challenge filed post election and reverse and dismiss the case. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(4).

On November 7, 2006, an election was held for the office of mayor of Altus. The parties have stipulated that Zolliecoffer received 136 votes and Post received 126 votes in the election. The votes, however, have not yet been certified. On November 9, 2006, Post filed a petition for writ of mandamus, a petition for a writ of prohibition, and a declaratory judgment action. She asserted that Zolliecoffer was a convicted felon and ineligible to run for public office.[2] She specifically asked that he "be declared ineligible for the election by the 'Commissioners' and removed as a candidate from the ballot." As legal authority, Post cited *Tittle v. Woodruff*, 322 Ark. 153, 907 S.W.2d 734 (1995); *State v. Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989); and Ark. Code Ann. § 7-5-207(b) (Repl. 2000). She also asserted that if she did not prevail under the above authority, she would prevail under Ark. Code Ann. § 7-5-801 (Repl. 2000), because this is a post-election contest based on Zolliecoffer's ineligibility.

■ "[E]lection cases are governed entirely by statute." *Simes v. Crumbly*, 368 Ark. 1, 4, 242 S.W.3d 610, 612 (2006). There are "two types of election cases provided for by statute: pre-election, eligibility challenges and post-election, election con-

---

[1] Post sought and obtained a writ of prohibition to stop the election commission from certifying the votes. We note that "a writ of prohibition may only be directed to a court or adjudicative committee that is proceeding wholly without jurisdiction; it cannot be directed, as a writ of mandamus can, to a ministerial officer." *State v. Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 411, 779 S.W.2d 169, 172 (1989).

[2] The circuit court found that in pleading guilty to burglary and grand larceny in 1965, Gary Zolliecoffer was a convicted felon even though no formal judgment of conviction was entered.

tests." *Willis v. Crumbly*, 368 Ark. 5, 10-11, 242 S.W.3d 600, 604 (2006). In *Helton v. Jacobs*, 346 Ark. 344, 349-50, 57 S.W.3d 180, 184 (2001), we discussed the two types of election cases:

> The procedure followed by Tyler for Jacobs's removal from the ballot was a petition for writ of *mandamus* and declaratory judgment, which is the procedure this court endorsed in *State v. Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989), for pre-election attacks on a candidate's eligibility to stand for election and for removal of that ineligible candidate's name from the ballot. *See* Ark. Code Ann. § 7-5-207(b) (Repl. 2000). *See also Tittle v. Woodruff*, 322 Ark. 153, 907 S.W.2d 734 (1995). Upon removal, that person is no longer a candidate. An election contest, on the other hand, is a right of action "conferred on any *candidate* to contest the certification of nomination or the certificate of vote as made by the appropriate officials in any election." Ark. Code Ann. § 7-5-801(a) (Repl. 2000) (emphasis added). It is a "post-election contest between two competing candidates." *Jacobs v. Yates*, 342 Ark. at 250, 27 S.W.3d at 738. *See also Rubens v. Hodges*, 310 Ark. 451, 837 S.W.2d 465 (1992); *McClendon v. McKeown*, 230 Ark. 521, 323 S.W.2d 542 (1959).

Thus, a party who wishes to challenge a candidate's eligibility to stand for election must bring a pre-election challenge by way of a petition for writ of mandamus and declaratory judgment. Here Post filed a petition for writ of mandamus and declaratory judgment, and she states plainly in her petition that she is seeking to have Zolliecoffer declared ineligible; however, she filed the petition post election rather than pre election. Arkansas Code Annotated section 7-5-207(b) provides in pertinent part as follows:

> No person's name shall be printed upon the ballot as a candidate for any public office in this state at any election unless the person is qualified and eligible at the time of filing as a candidate for the office to hold the public office for which he is a candidate.

In *Craighead County*, this court stated that section 7-5-207(b) "created a right in the people to the proper administration of election laws by prohibiting the inclusion of ineligible candidates on the ballot." 300 Ark. at 411, 779 S.W.2d at 172. This court further held that "an action for mandamus and declaratory relief is the proper method of enforcing the right set out in Ark. Code Ann. § 7-5-207(b), which prohibits the inclusion of an ineligible candidate on an election

ballot." *Id.* at 412, 779 S.W.2d at 173. However, "this statutory procedure only allows pre-election challenges to a candidate's eligibility." *Pederson v. Stracener*, 354 Ark. 716, 719, 128 S.W.3d 818, 820 (2003). In *Pederson*, we further stated:

> Because election contests are purely statutory, and the statutes do not provide for a post-election petition for a writ of mandamus and complaint for declaratory judgment to challenge a candidate's eligibility, the trial court was without jurisdiction to hear the matter. Because this case is decided on jurisdiction, there is no need to consider the remaining issues. This case is reversed and dismissed.

*Id.* at 718, 128 S.W.3d at 819. Likewise, the circuit court in this case lacked jurisdiction to consider a pre-election challenge filed post election, and this case must be reversed and dismissed for a lack of subject-matter jurisdiction. We note that neither party raised the issue of subject-matter jurisdiction; however, subject-matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and can be raised by this court. *Cincinnati Ins. Co. v. Johnson*, 367 Ark. 468, 241 S.W.3d 264 (2006).

■ As we already noted, Post attempted in her petition to additionally rely on Ark. Code Ann. § 7-5-801, but she alleged a right to a post-election challenge of Zolliecoffer's eligibility. An election contest under section 7-5-801 "is an adversarial proceeding between a successful and an unsuccessful candidate." *Rubens v. Hodges*, 310 Ark. 451, 454, 837 S.W.2d 465, 467 (1992). The parties stipulated that Zolliecoffer obtained the most votes. The petition filed by Post did not institute a post-election contest under section 7-5-801. As we noted in *Pederson, supra*, the circuit court was without jurisdiction to hear a post-election challenge to eligibility, and the remedy for usurpation of office lies with the state under quo warranto. *See Pederson, supra.*

IMBER, J., not participating.