375 Ark. 287

**Dwain OLIVER, Appellant,**

v.

**Ronnie PHILLIPS, Calhoun County Election Commission (Hon. Allen G. Watson, Chair; Hon. James Rawls; Hon. Barbara Floss); and Hon. Charlie Daniels, In his Official Capacity as Secretary of State, Arkansas's Chief Election Officer, Appellees.**

No. 08–1209.

Supreme Court of Arkansas.

Dec. 19, 2008.

Tony Joe "T.J." Huffman, Camden, AR, and Compton, Prewett, Thomas and Hick-

ey, P.A., by: Floyd M. Thomas, Jr., El Dorado, AR, for appellant.

Robin J. Carroll, Calhoun County Prosecuting Att'y, El Dorado, AR, for appellee Calhoun County Board of Election Commissioners.

James M. Pratt, Jr., P.A., by: James M. Pratt, Jr., Camden, AR, for appellee Ronnie Phillips.

JIM GUNTER, Justice.

Appellant, Dwain Oliver, appeals his unsuccessful challenge to his opponent's qualifications in a judicial race in Calhoun County. Appellant asserts the trial court erred in holding that: (1) it lacked jurisdiction to grant appellant's petition and (2) the issue presented by appellant's petition was moot. Because this appeal pertains to elections and election procedures, this court has jurisdiction pursuant to Ark. Sup.Ct. R. 1–2(a)(4). We affirm.

On March 11, 2008, appellant and appellee Ronnie Phillips were certified by the Calhoun County Board of Election Commissioners as candidates for the position of Calhoun County District Judge. On May 19, 2008, one day before the general election, and sixty-nine days after certification, appellant filed a petition for declaratory relief and motion for writ of mandamus, asserting that Phillips was a resident of Dallas County, not Calhoun County, and was thus ineligible to be a candidate.[1] To support his argument, appellant cited amendment 80, section 16(D) of the Arkansas Constitution, which states:

All Justices and Judges shall be qualified electors within the geographical area from which they are chosen, and Circuit and District Judges shall reside within that geographical area at the time

1. Appellant named Phillips, the Calhoun County Election Commission, and the Secretary of State, Charlie Daniels, as defendants to the suit.

of election and during their period of service. A geographical area may include any county contiguous to the county being served when there are no qualified candidates available in the county to be served.

Appellant requested that Phillips's name be stricken from the ballot and that any votes cast for Phillips not be counted. Appellant requested an expedited hearing at the court's earliest opportunity and served notice to Phillips and the other appellees on May 19.

The general election was held on May 20, with Phillips receiving 151 votes and appellant receiving 126 votes. On May 22, appellant filed a motion for preliminary injunction, asking the court to enjoin the Calhoun County Election Commission (the Commission) and the Secretary of State from certifying the election results.

On May 23, the Commission filed a response to appellant's petition for declaratory relief and writ of mandamus. In its response, the Commission argued that because no hearing was held or ruling was made prior to the election, appellant's petition and motion were moot. Phillips filed a separate response on May 28 in which he also asserted appellant's request was moot.

A hearing on the matter was held on May 28. At the hearing, the Commission argued that the case should be dismissed for two reasons: (1) because the petition was filed one day prior to the election, it was impossible to have the hearing within two to seven days pursuant to Ark. R. Civ. P. 78(d) (2008),[2] and the issue is now moot; (2) because the court did not have jurisdiction to decide a pre-election challenge post-election. At the conclusion of the

hearing, the court agreed with the Commission and found that "a pre-election issue being decided post-election is outside the jurisdiction of the Court." In its order, filed June 23, 2008, the court made the following findings:

3. There are two types of election contests provided for by statute: pre-election eligibility challenges and post-election, election contests. *Zolliecoffer v. Post*, 371 Ark. 263, 264, 265 S.W.3d 114 (2007). A party wishing to challenge a candidate's eligibility to stand for election must bring the challenge by way of a petition for writ of mandamus and declaratory judgment prior to the election. *Id.* at 265, 265 S.W.3d 114.

4. Arkansas statutes do not provide for a post-election petition for writ of mandamus and complaint for declaratory relief to challenge a candidate's eligibility. *Pederson v. Stracener*, 354 Ark. 716, 128 S.W.3d 818 (2003). Although Oliver's petition was filed pre-election, the timing of his petition made it impossible for this issue to be resolved prior to the election.

5. Because the issue was presented but not expedited and ruled on prior to the election, the issue is now moot. *Ball v. Phillips County Election Commission*, 364 Ark. 574, 222 S.W.3d 205 (2006). Nor does this court have jurisdiction to decide a pre-election eligibility issue in a post-election proceeding. *Zolliecoffer*, cited above.

Appellant then filed a notice of appeal to this court on July 21, 2008.

The right to contest an election is purely statutory. *Pederson v. Stracener*, 354

---

**2.** Arkansas Rule of Civil Procedure 78(d) provides:

Upon the filing of petitions for writs of mandamus or prohibition in election matters, it shall be the mandatory duty of the

circuit court having jurisdiction to fix and announce a day of court to be held no sooner than 2 and no longer than 7 days thereafter to hear and determine the cause.

Ark. 716, 128 S.W.3d 818 (2003). A statutory right to challenge the eligibility of a candidate before the election is provided by Ark.Code Ann. § 7-5-207(b) (Supp. 2007); however, this statute only allows pre-election challenges to a candidate's eligibility. *Zolliecoffer v. Post*, 371 Ark. 263, 265 S.W.3d 114 (2007).[3] Post-election, the only private right to challenge an election is found under Ark.Code Ann. § 7-5-801 (Repl.2007), which provides for a challenge by a candidate to contest certification by the county board of election commissioners.

On appeal, appellant first asserts that the trial court erred in finding that it lacked jurisdiction to consider appellant's petition. In its order, the trial court cited *Zolliecoffer, supra*, for the proposition that it had no jurisdiction to decide a pre-election eligibility issue in a post-election proceeding. In Zolliecoffer, the losing candidate in a mayoral election filed a petition for writ of mandamus and declaratory judgment two days after the election. This court held that the trial court lacked subject-matter jurisdiction to consider the petition because the petition was filed post-election. Appellant argues that the case at bar is distinguishable because he filed his petition pre-election, not post-election, and therefore the trial court had jurisdiction to decide the case on the merits and prior to the official vote certification.

In response, appellees argue that although appellant's petition was filed pre-election, the lateness of the filing made it impossible to conduct a hearing on the merits prior to the election and within the "no sooner than 2 and no longer than 7 days" requirement of Rule 78(d). And

because Arkansas election law does not provide for a post-election petition for a writ of mandamus and declaratory relief, the trial court was without jurisdiction to hear the matter post-election. *Pederson, supra*.

Appellant did file his petition pre-election, albeit by only one day. Consequently, the trial court had jurisdiction when appellant's petition was filed, and Arkansas case law has established that "where a court once rightfully acquires jurisdiction of a cause, it has the right to retain and decide." *Wasson v. Dodge*, 192 Ark. 728, 730, 94 S.W.2d 720, 721 (1936) (citing *Estes v. Martin*, 34 Ark. 410, 419 (1879)). *Zolliecoffer* and *Pederson* are both distinguishable because the appellants in those cases did not file their petitions pre-election. Accordingly, we hold that because the action was filed pre-election, the trial court did have jurisdiction, and that jurisdiction was not subsequently erased by the election.

For his second argument on appeal, appellant contends that the trial court erred in finding that the issue presented by appellant was moot. The trial court's order stated that "because the issue was presented but not expedited and ruled on prior to the election, the issue is now moot" and cited *Ball v. Phillips County Election Commission*, 364 Ark. 574, 222 S.W.3d 205 (2006). In *Ball*, this court held that a petition challenging the eligibility of a candidate, filed eight days before the election, was untimely and moot. In so holding, we stated:

> Ball failed to pursue her petition for mandamus and declaratory judgment

---

**3.** Arkansas Code Annotated section 7-5-207(b) provides in pertinent part:

No person's name shall be printed upon the ballot as a candidate for any public office in this state at any election unless the person

is qualified and eligible at the time of filing as a candidate for the office to hold the public office for which he or she is a candidate[.]

expeditiously in order to obtain the remedy to remove Jones' name from the ballot before the election or before the election results were certified. In other words, Ball's lawsuit became moot due to her own failure to act timely in the special proceeding.

*Id.* at 579, 222 S.W.3d at 208. We also noted that the candidates' names were certified approximately thirty-eight days previously, and Ball offered no compelling reason for waiting until eight days before the election to file her petition.

Appellant attempts to distinguish the holding in *Ball* by arguing that Ball's appeal was deemed moot but the petition itself was only deemed untimely. However, this is a distinction without a difference, because in *Ball* it was the untimeliness of the petition that rendered the case moot. *See id.* at 578, 222 S.W.3d at 207 ("Ball's inability to have Jones' name removed from the ballot . . . was due to her decision to wait until eight days before the election to file her petition. . . . In short, this election case is moot.") As in *Ball*, appellant failed to pursue his petition expeditiously in order to obtain the remedy of removing Phillips's name from the ballot before the election, and appellant has offered no compelling reason for his delay in filing the petition.

In addition, waiting until the day before the election to file the petition rendered it impossible for the trial court to fulfill the requirement under Rule 78(d) that the trial court hold a hearing no sooner than two and no longer than seven days thereafter. We established in *Ball* that this type of eligibility challenge should be filed in time to resolve all relevant issues prior to the election. *See* 364 Ark. at 577–78, 222 S.W.3d at 207 ("If Ball had filed her suit within this thirty-eight day period [after certification] . . . there would have been ample time in which to resolve all relevant

issues raised by Ball prior to the September 21, 2004 election.") Also, this court has clearly stated that "[o]nce the election takes place, the issue of a candidate's eligibility under § 7-5-207(b) becomes moot." *Clement v. Daniels*, 366 Ark. 352, 355, 235 S.W.3d 521, 523 (2006) (citing *State v. Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989)). We therefore affirm the trial court's finding that the issue presented in appellant's petition was moot.

Appellant also makes the argument that there is a contradiction between amendment 80's "at the time of the election" provision and § 7-5-207(b)'s "qualified and eligible at the time of filing as a candidate" language. Appellant asserts that the case was ripe, not moot, at the time it was filed at the brink of the election because under the clear language of amendment 80, a judicial candidate has until "at the time of election" to bring himself within the qualifying parameters by establishing a residence in the geographical area and becoming a qualified elector. According to appellant, the trial court erred in "elevating the Election Code's statutory provisions and case law enforcement procedures over the Constitution's controlling provisions to dismiss the action below."

Though the circuit court ruled on this issue from the bench, the final written order did not address this issue. In a recent case where the judge made a constitutional decision from the bench, we said: "Pursuant to Administrative Order 2(b)(2), an oral order announced from the bench does not become effective until reduced to writing and filed." *McGhee v. Ark. State Bd. of Collection Agencies*, 368 Ark. 60, 67, 243 S.W.3d 278, 284 (2006). When the circuit court makes no ruling on an issue, the appellate court is precluded from reaching the issue on appeal. *Travis v. State*, 371 Ark. 621, 269 S.W.3d 341 (2007).

Therefore, this issue is not preserved for our review.

In conclusion, we hold that the trial court did have jurisdiction to consider appellant's petition, büt that the trial court was correct in its finding that the petition was moot.

Affirmed.