SLIP OPINION

Cite as 2015 Ark. 426

# SUPREME COURT OF ARKANSAS

No. CV–15–285

| | |
|---|---|
| FLOYD E. GRAY<br><br>APPELLANT<br><br>V.<br><br>MARY F. THOMAS-BARNES, CLINTON "HAMP" HAMPTON, CHICOT COUNTY ELECTION COMMISSION, AND LUCAN HARGRAVES, SR.<br><br>APPELLEES | **Opinion Delivered** November 19, 2015<br><br>APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT [NO. CV2014-93-4]<br><br>HONORABLE B. KENNETH JOHNSON, JUDGE<br><br>APPEAL DISMISSED. |

**KAREN R. BAKER, Associate Justice**

This appeal arises from an order of the Chicot County Circuit Court dismissing a complaint for injunctive relief and declaratory judgment filed by appellant, Floyd E. Gray. Gray sought to challenge the eligibility of appellee Mary F. Thomas-Barnes as a candidate in the mayoral election in Dermott, Arkansas. On appeal, Gray asserts that the circuit court erred in dismissing his complaint for lack of jurisdiction. Because this appeal pertains to elections and election procedures, we have jurisdiction pursuant to Arkansas Supreme Court Rule 1-2(a)(4) (2015). We dismiss the appeal because the issue raised by Gray is moot.

Gray and the appellees, Thomas-Barnes, Clinton "Hamp" Hampton, and Lucan Hargraves, Sr., were independent candidates for the position of mayor of Dermott in the November 4, 2014 general election. On November 7, 2014, appellee Chicot County Election Commission ("Election Commission") certified the results of the November 4, 2014

SLIP OPINION

mayoral election as follows: Hargraves, Sr. 149 votes; Gray 219 votes; Thomas-Barnes 240 votes; and Hampton 241 votes. Because no candidate received a majority of the votes cast, a run-off election between Thomas-Barnes and Hampton was held on November 25, 2014.

On November 24, 2014, one day prior to the November 25, 2014 run-off election, Gray filed his complaint for injunctive relief and declaratory judgment. Gray's complaint sought to challenge the eligibility of Thomas-Barnes pursuant to Arkansas Code Annotated section 7-5-801 (Supp. 2013). Gray alleged that Thomas-Barnes was a convicted felon and therefore sought to invalidate the eligibility of Thomas-Barnes as a candidate for mayor. Specifically, Gray's complaint requested that the circuit court declare Thomas-Barnes unqualified to seek election, declare Gray the runner-up, place Gray on the ballot for the run-off mayoral election, and direct the Election Commission to refrain from tabulating run-off votes. On the same day, the circuit court entered an order granting an emergency ex parte injunction, allowing the run-off election to proceed, but prohibiting the tabulation or certification of the election results pending further orders of the court.

On December 12, 2014, Hampton filed his answer. On December 15, 2014, Thomas-Barnes and the Election Commission filed separate answers. In addition to its answer, the Election Commission filed a motion to dismiss pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. As a basis for dismissal, the Election Commission argued that Gray filed his complaint expressly as a postelection contest pursuant to Arkansas Code Annotated section 7-5-801 rather than a preelection challenge pursuant to Arkansas Code Annotated section 7-5-207(b). Because Gray filed a postelection contest, the Election Commission

contended that his claims were limited to those related to the conduct of the election only. Thus, because Gray challenged only Thomas-Barnes's eligibility, the circuit court lacked subject-matter jurisdiction and should dismiss Gray's complaint. Further, the Election Commission argued that Gray lacked standing to challenge the run-off election because he was not a candidate in any election at the time he filed his complaint as required by Arkansas Code Annotated section 7-5-801. On December 29, 2014, Gray responded to the motion to dismiss and asserted that, as a candidate, he had standing to bring the action as a preelection challenge.

In a December 23, 2014 letter filed December 29, 2014, the circuit announced its findings. The circuit court explained that it "signed an ill considered Emergency Ex Parte Injunction preventing the Defendant, Commission, from tabulating the votes and certifying the results." The circuit court dissolved the emergency ex parte injunction. Further, the circuit court found that Gray's "pleading appears to be an attempt to bring a pre-election challenge by post-election means." The circuit court dismissed Gray's complaint based on lack of jurisdiction and authorized the Election Commission to tabulate and certify the results of the November 25, 2014 run-off election. These findings were memorialized by the circuit court in a January 9, 2015 written order.

On January 13, 2015, Gray filed a motion for new trial; the motion was deemed denied after thirty days when the circuit court took no action. On March 13, 2015, Gray filed his notice of appeal. Hampton is currently serving as mayor of Dermott, as a result of having been duly elected in the November 25, 2014 run-off election. We take judicial notice

SLIP OPINION

of election results, as reported by the Arkansas Secretary of State. *Jefferson Cnty. Election Comm'n v. Hollingsworth*, 2014 Ark. 431, 445 S.W.3d 504; *Etherly v. Newsome*, 2013 Ark. 391.

### Point on Appeal

On appeal, Gray argues that because he filed his complaint the day before the November 25, 2014 run-off election, this action should be classified as a preelection challenge rather than a postelection challenge. Gray contends that a run-off election is the functional equivalent of a two-candidate general election.

In response, Thomas-Barnes and Hampton argue that, despite being filed as a postelection contest rather than a preelection challenge, Gray attacked only Thomas-Barnes's eligibility. Both Thomas-Barnes and Hampton argue that Hampton is currently serving as mayor of Dermott, as a result of having been duly elected in the November 25, 2014 run-off election. Thomas-Barnes argues that she is no longer a "candidate" in any "election" as contemplated by Gray's original complaint, and Gray is no longer a candidate with standing to challenge any election. Thus, the injunctive relief sought by Gray cannot be granted under any circumstances and is therefore moot.

### Mootness

As noted above, the record demonstrates that the election was held. "[I]n a long line of cases, we have observed that the issue of a candidate's eligibility under section 7-5-207(b) becomes moot once the election takes place." *Fite v. Grulkey*, 2011 Ark. 188, at 4 (citing *Oliver v. Phillips*, 375 Ark. 287, 290 S.W.3d 11 (2008); *Clement v. Daniels*, 366 Ark. 352, 235 S.W.3d 521 (2006); *Ball v. Phillips Cnty. Election Comm'n*, 364 Ark. 574, 222 S.W.3d 205

(2006); *Tumey v. Daniels*, 359 Ark. 256, 196 S.W.3d 479 (2004); *Benton v. Bradley*, 344 Ark. 24, 37 S.W.3d 640 (2001); *McCuen v. McGee*, 315 Ark. 561, 868 S.W.2d 503 (1994); *State v. Craighead Cnty. Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989)).

Thus, as a threshold matter, this court must determine whether the instant appeal is moot. As a general rule, we will not review issues that are moot because to do so would be to render an advisory opinion, which this court will not do. *McCuen*, 315 Ark. 561, 868 S.W.2d 503. Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *Kinchen v. Wilkins*, 367 Ark. 71, 238 S.W.3d 94 (2006). We have, however, recognized two exceptions to the mootness doctrine. *Id.* The first exception involves issues that are capable of repetition, yet evade review, and the second exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Id.*

Gray fails to address the mootness doctrine and whether the exceptions to the mootness doctrine apply to his case. This court will not address issues on appeal that are not appropriately developed, and we will not research or develop an argument for an appellant. *Spears v. Spears*, 339 Ark. 162, 3 S.W.3d 691 (1999); *Martin v. Pierce*, 370 Ark. 53, 257 S.W.3d 82 (2007). Thus, we dismiss Gray's appeal as moot.

The concurrence states that "this lawsuit was over the moment it was filed." However, despite this statement, the concurring justices inexplicably offer an advisory opinion regarding the matter before us. Specifically, the concurrence states that "Gray filed his preelection challenge *after* the November 4, 2014 election, and the circuit court properly ruled

5

that it lacked subject-matter jurisdiction to hear the matter." This statement is simply erroneous because the concurrence would hold that the circuit court lacked jurisdiction, and likewise this court, by considering the merits on appeal. In other words, the concurrence has summarily determined that a preelection challenge must be filed before a general election without a determination of whether a run-off election is the functional equivalent of a two-candidate general election. The irony of the concurrence's position is that in order to reach that issue, this court would have to have jurisdiction to reach the merits. However, as quoted above, the concurrence would hold that we do not have jurisdiction. Thus, the concurrence improperly reaches the merits on appeal. Further, any determination on this issue of first impression would render an advisory opinion, which this court has repeatedly said it will not do. *McCuen*, *supra*.

Appeal dismissed.

BRILL, C.J., and DANIELSON, J., concur.

**HOWARD W. BRILL, Chief Justice, concurring.** This lawsuit was over the moment it was filed. The election for mayor of Dermott took place on November 4, 2014. Gray finished third. The run-off election was scheduled for November 25, 2014, and he was excluded from the run-off election. On November 24, 2014, Gray filed this lawsuit alleging that one of the top two candidates was a felon and should be excluded from the ballot.

I concur in the decision to dismiss Gray's appeal, but I write separately because I base my conclusion on a different analysis. On appeal, Gray argues that the circuit court erred in dismissing his complaint for lack of subject-matter jurisdiction. Specifically, Gray

characterizes his postelection contest as a preelection challenge to Thomas-Barnes's eligibility for Dermott mayor. I agree with the circuit court's ruling that it lacked subject-matter jurisdiction and would dismiss the appeal on that basis.

Subject-matter jurisdiction is considered to be a court's authority to hear and decide a particular type of case. *Hunter v. Runyan*, 2011 Ark. 43, 382 S.W.3d 643. A court lacks subject-matter jurisdiction if it cannot hear a matter under any circumstances and is wholly incompetent to grant the relief sought. *See, e.g., J.W. Reynolds Lumber Co. v. Smackover State Bank*, 310 Ark. 342, 352–53, 836 S.W.2d 853, 858 (1992). The question whether a circuit court has subject-matter jurisdiction is based on the pleadings. *Tripcony v. Ark. Sch. for the Deaf*, 2012 Ark. 188, 403 S.W.3d 559. This court has stated that when the circuit court was without subject-matter jurisdiction, this court likewise would be without jurisdiction to hear the appeal. *Brock v. Townsell*, 2009 Ark. 224, 309 S.W.3d 179.

The key issue is whether the circuit court had subject-matter jurisdiction of Gray's election case. Election proceedings are governed by statute. *Kelly v. Martin*, 2014 Ark. 217, 433 S.W.3d 896 (citing *Zolliecoffer v. Post*, 371 Ark. 263, 265 S.W.3d 114 (2007)). This court has previously recognized a distinction between two types of election cases provided for by statute: preelection-eligibility challenges and postelection election contests. *Willis v. Crumbly*, 368 Ark. 5, 242 S.W.3d 600. Our statute on preelection-eligibility challenges provides in part that "[n]o person's name shall be placed upon the ballot as a candidate for any public office in this state at any election unless the person is qualified and eligible at the time of filing, or as otherwise may be provided by law, as a candidate for the office to hold the public office

for which he or she is a candidate." Ark. Code Ann. § 7-5-207(b) (Supp. 2015). A voter may exercise the right to raise a preelection challenge at any time prior to the general election. *Bailey v. Martin*, 2014 Ark. 213, 433 S.W.3d 904. The issue of a candidate's eligibility under section 7-5-207(b) becomes moot once the election takes place. *Id.* In postelection contests, a party may not utilize the process established in section 7-5-207(b). *Bailey*, 2014 Ark. 213, 433 S.W.3d 904. A postelection contest is a right of action "conferred on any candidate to contest the certification of nomination or the certificate of vote as made by the appropriate officials in any election." Ark. Code Ann. § 7-5-801(a) (Supp. 2015).

In the present case, Gray failed to bring a preelection-eligibility challenge pursuant to section 7-5-207(b) because he did not file his action before the general election on November 4, 2014. Gray did not attempt to have Thomas-Barnes's name removed from the ballot until the day before the scheduled run-off election on November 25, 2014. Because Gray filed a preelection challenge postelection, the circuit court was without subject-matter jurisdiction to consider his case at all. In fact, the circuit court stated in its January 9, 2015 order that "when presented with [Gray's] complaint on November 24, 2014, [it] signed an ill-considered Emergency Ex Parte Injunction preventing the [Election] Commission from tabulating the votes and certifying the results." The circuit court then ruled that "it [did] not have jurisdiction to take such action [ordering Gray as a candidate in the run-off election] or to order a new election." Thus, based on this court's precedent, I conclude that the circuit court properly ruled that it lacked subject-matter jurisdiction to consider Gray's preelection-eligibility challenge and to order Gray as a mayoral candidate in the run-off election. *See, e.g.*,

*Zolliecoffer*, 371 Ark. 263, 265 S.W.3d 114 (dismissing on the basis that the circuit court lacked subject-matter jurisdiction to consider a preelection challenge filed postelection).

Although I concur in the majority decision to dismiss the appeal, I do not believe that mootness is the proper basis for dismissal. Mootness is a threshold issue that is addressed before the merits are reached. *See, e.g., Shipp v. Franklin*, 370 Ark. 262, 258 S.W.3d 744 (2007). But the issue of subject-matter jurisdiction necessarily precedes any question of mootness. Without a proper determination of subject-matter jurisdiction, a court can do nothing. This court has stated that an issue becomes moot when any judgment rendered would have no practical effect upon an existing legal controversy. *See, e.g., Bd. of Directors v. Pritchett*, 2015 Ark. 17, 454 S.W.3d 223. Without an existing legal controversy, mootness need not be considered. Here, the mootness doctrine does not apply because Gray was without an existing legal controversy when he filed his preelection-eligibility challenge after November 4, 2014.

In dismissing the appeal as moot, the majority relies on our decision in *Fite v. Grulkey*, 2011 Ark. 188, in which this court stated that "the issue of a candidate's eligibility under section 7-5-207(b) becomes moot once the election takes place." *Id*. at 4 (noting that Grulkey filed his preelection challenge in October 2010 before the November 2010 election and dismissing the appeal as moot because Fite did not file a notice of appeal of the circuit court's decision until after the election was over and waited fifteen days to request expedited

review).  The majority also cites a long line of cases for this proposition.[1]  However, in the

cases cited by the majority, the preelection-eligibility challenges were properly filed *before* the

election; the circuit courts had subject-matter jurisdiction to consider the preelection

challenges; and those challenges, either at the circuit-court or appellate level, were deemed

untimely or moot.  Gray filed his preelection challenge *after* the November 4, 2014 election,

and the circuit court properly ruled that it lacked subject-matter jurisdiction to hear the

matter.  Therefore, the majority's decision to dismiss the appeal as moot is erroneous.

In my view, the circuit court was correct in its ruling.  It had no jurisdiction to hear

a preelection challenge filed after the first election.  It was wholly incompetent to grant the

---

[1]*See Oliver v. Phillips*, 375 Ark. 287, 290 S.W.3d 11 (2008) (affirming the circuit court's finding that Oliver's preelection challenge, which was filed one day before the election but was not expedited and ruled on before the election, was moot); *Clement v. Daniels*, 366 Ark. 352, 235 S.W.3d 521 (2006) (noting that Clement challenged a candidate's residency in May 2006 before early voting and citing a candidate's eligibility pursuant to section 7-5-207(b), but mootness was not at issue); *Ball v. Phillips Cnty. Election Comm'n*, 364 Ark. 574, 222 S.W.3d 205 (2006) (dismissing as moot an appeal of the circuit court's denial of Ball's petition challenging the eligibility of a school-board candidate that was filed eight days before the election); *Tumey v. Daniels*, 359 Ark. 256, 196 S.W.3d 479 (2004) (noting that Tumey filed his preelection challenge in August 2004 before the November 2004 election, citing section 7-5-207(b) as the basis for a preelection eligibility-challenge, and contrasting it with a postelection contest by a competing candidate after a primary or general election); *Benton v. Bradley*, 344 Ark. 24, 37 S.W.3d 640 (2001) (dismissing Benton's appeal as moot because the appeal was not expedited and presented to this court for decision prior to the November 2000 election); *McCuen v. McGee*, 315 Ark. 561, 868 S.W.2d 503 (1994) (affirming the circuit court's ruling that a candidate was ineligible to seek election and holding that, because appellant made no attempt to obtain a stay from the circuit court or this court and the successful candidate had taken his seat, the issue was wholly moot); *State v. Craighead Cnty. Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989) (declaring that an action for mandamus and declaratory relief was the proper way to challenge a candidate's eligibility prior to the November 8, 1988 election, holding that the controversy was moot, and declining to rule on the candidates' eligibility).

SLIP OPINION

relief requested. For the foregoing reasons, I would dismiss the appeal for the circuit court's lack of subject-matter jurisdiction.

DANIELSON, J., joins.

*Gibson Law Office*, by: *Charles Sidney Gibson*, for appellant.

*Clinton "Hamp" Hampton*, pro se appellee.

*Kearney Law Office*, by: *Jack R. Kearney*, for appellee Mary F. Thomas-Barnes.