Cite as 2023 Ark. 145

# SUPREME COURT OF ARKANSAS

No. CV–23–183

|  |  |
|---|---|
| LEO HUMPHREY AND LAWRENCE SMITH<br><br>APPELLANTS<br><br>V.<br><br>PATTIE LONG, PATRICIA BEEDE, AND FREDERICK FREEMAN, AS MEMBERS OF THE ST. FRANCIS COUNTY ELECTION COMMISSION; BRANDI MCCOY, AS COUNTY CLERK OF ST. FRANCIS COUNTY, ARKANSAS; JIM BAILEY, JR., CANDIDATE FOR CITY COUNCIL; AND RONALD WILLIAMS, CANDIDATE FOR CITY COUNCIL<br><br>APPELLEES | **Opinion Delivered:** October 12, 2023<br><br>APPEAL FROM THE ST. FRANCIS COUNTY CIRCUIT COURT<br>[NO. 62CV-22-292]<br><br>HONORABLE DANNY GLOVER, JUDGE<br><br>APPEAL DISMISSED. |

**CODY HILAND, Associate Justice**

This appeal arises from an order of the St. Francis County Circuit Court denying appellants Leo Humphrey and Lawrence Smith's petition for declaratory judgment and writ of mandamus. The petition sought relief related to the 2022 city council election in Forrest City, Arkansas. We dismiss because the election has already taken place, rendering the issue on appeal moot.

Jim Bailey, Jr., entered the race for a position on the city council of Forrest City, Arkansas, in May 2022. Three days before the November election, the St. Francis County

Clerk notified Bailey that his name was missing from the county's list of registered voters; thus, he was not a "qualified elector" able to take office. The day of the election, appellants filed a pre-election challenge to Bailey's eligibility in the circuit court. The election took place as scheduled and Bailey won. Yet, the court ordered a stay on certifying the election results until it could rule on appellants' challenge.

After two hearings, the circuit court issued an order finding that despite the absence of Bailey's name from the voter list at the time of the election, Bailey had been a registered voter and therefore a "qualified elector" under article 19, section 3 of the Arkansas Constitution. The court considered dispositive the evidence presented by both the Office of the Secretary of State and the St. Francis County Clerk's Office that Bailey's name was missing due only to a clerical-records system error that replaced Bailey's name with that of a newly registered voter. As the error was committed through no fault of Bailey, the order authorized Bailey to remain in office. Appellants did not seek a stay to prevent certification of the election results.

Appellants ask this court to reverse the decision as an error of law, to remove Bailey from office, and to issue a mandate placing Ronald Williams on the city council of Forrest City as the election's winner.

Appellants claim their petition was a pre-election challenge. Arkansas Code Annotated section 7-5-207(b) (Supp. 2023) controls the statutory right to challenge a candidate's eligibility before an election. *Oliver v. Phillips*, 375 Ark. 287, 290, 290 S.W.3d 11, 14 (2008). The proper proceeding to raise a pre-election challenge to a candidate's eligibility under Ark. Code Ann. § 7-5-207(b) "is mandamus, coupled with a declaratory

2

judgment action." *State v. Craighead Cnty. Bd. of Election Comm'rs*, 300 Ark. 405, 407, 779 S.W.2d 169, 170 (1989).

"As a threshold matter, this court must determine whether the instant appeal is moot." *Gray v. Thomas-Barnes*, 2015 Ark. 426, at 5, 474 S.W.3d 876, 879. Generally, we will not review issues that are moot because to do so would be to render an advisory opinion. *Id.* The two recognized exceptions to the mootness doctrine extend to (1) issues "capable of repetition, yet evading review" and (2) "issues . . . of substantial public interest which, if addressed, would prevent future litigation." *Kinchen v. Wilkins*, 367 Ark. 71, 74–75, 238 S.W.3d 94, 97 (2006).

Here, the petition was filed on election day, but whether appellants correctly labeled it is a non-issue. The election was held and certified, and we take judicial notice of the election results. *Gray*, 2015 Ark. 426, 474 S.W.3d 876. Bailey received 253 votes, and Williams received 238. It is well settled that where an election has already taken place, "the controversy regarding the candidate['s] eligibility [becomes] moot." *Id.*; *see also, e.g.*, *Gray*, 2015 Ark. 426, 474 S.W.3d 876; *Fite v. Grulkey*, 2011 Ark. 188; *Oliver, supra*; *Clement v. Daniels*, 366 Ark. 352, 235 S.W.3d 521 (2006); *Ball v. Phillips Cnty. Election Comm'n*, 364 Ark. 574, 222 S.W.3d 205 (2006); *Tumey v. Daniels*, 359 Ark. 256, 196 S.W.3d 479 (2004); *Benton v. Bradley*, 344 Ark. 24, 37 S.W.3d 640 (2001); *McCuen v. McGee*, 315 Ark. 561, 868 S.W.2d 503 (1994); *Craighead Cnty. Bd. of Election Comm'rs, supra*.

Also, the two exceptions to mootness—matters capable of repetition yet evading review and matters of substantial public interest that are likely to be litigated—are not

applicable here. *See Kimbrell v. Thurston*, 2020 Ark. 392, 611 S.W.3d 186. For these reasons, the question of Bailey's eligibility is moot, and the appeal is dismissed.

Appeal dismissed.

*Leo Humphrey*, pro se appellant.