Cite as 2025 Ark. 14

# SUPREME COURT OF ARKANSAS
No. CV-24-836

| | |
|---|---|
| CITY OF HIGHFILL; CHRIS HOLLAND, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS MAYOR OF HIGHFILL; DUSTIN KAHRL; JEREMY JOHNSON; AND RICK SAYRE<br><br>   APPELLANTS/CROSS-APPELLEES<br><br>V.<br><br><br>NORTHWEST ARKANSAS REGIONAL AIRPORT AUTHORITY<br>   APPELLEE<br>AND<br><br><br>TIM GRIFFIN, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF ARKANSAS<br>   APPELLEE/CROSS-APPELLANT | Opinion Delivered: February 27, 2025<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-23-2800]<br><br>MOTION OF SEPARATE APPELLEE NORTHWEST ARKANSAS REGIONAL AIRPORT AUTHORITY TO DISMISS APPEAL<br><br><br><br><br>MOTION TO DISMISS APPEAL GRANTED; DIRECT APPEAL DISMISSED; CROSS-APPEAL DISMISSED. |

**NICHOLAS J. BRONNI, Associate Justice**

There are two appeals at issue here: the City of Highfill's direct appeal and the State's cross-appeal. The former is moot; the latter is improper; and both must be dismissed.

Start with Highfill's direct appeal. Below, Highfill sought to "enjoin [the Northwest Arkansas Regional Airport Authority] from filing a Petition for Detachment under Act 769." Following a hearing, the circuit court indicated that it intended to deny Highfill's preliminary injunction motion. The Airport Authority then filed its detachment petition, and after that, the circuit court issued a written order denying Highfill's motion. Highfill

thereafter appealed that denial. Thus, by the time Highfill filed its notice of appeal, the action it sought to enjoin—the "filing of a Petition for detachment"—had already occurred. And nothing this court might do on appeal will change that result. That makes Highfill's appeal moot, and as such, it is dismissed. *See Gray v. Thomas-Barnes,* 2015 Ark. 426, 5, 474 S.W.3d 876, 879 (2015) ("a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy").

The State's cross-appeal fares no better. The State cross-appeals "the Circuit Court's October 29, 2024 Order denying Plaintiff's motion for preliminary injunction" and its "hold[ing]" that Arkansas Code Annotated section 14-362-306(g) "violates the separation-of-powers doctrine contained in Amendment 80 to the Arkansas Constitution." From the State's perspective, even if the preliminary injunction dispute is moot, it was "separately harmed" by the circuit court's statements concerning section 14-362-306's constitutionality—a harm it believes this court can remedy.

Yet it's hard to see what the State would have us review. No one asked the circuit court to preliminarily enjoin section 14-362-306, and the circuit court did not grant any such relief. Instead, the only preliminary relief *anyone* sought was an injunction against the Airport Authority seeking detachment. So, at most, the circuit court's statements about section 14-362-306 merely indicate that it is *likely* to find that provision unconstitutional on final judgment. And Arkansas Rule of Appellate Procedure—Civil 2(a)(6)'s language granting us jurisdiction to hear interlocutory appeals from the denial of a preliminary injunction does not empower us to review such stray comments. *See Monticello Healthcare Ctr., LLC v. Forrest*, 2010 Ark. 340, at 7 (2010).

Indeed, it should be obvious, but there's no such thing as preliminary declaratory

2

relief. Statements finding a statute is likely unconstitutional without a corresponding injunction have no legal effect. Absent that, section 14-362-306 remains the law, and there is nothing for us to review. The State's cross-appeal is therefore improper and outside our appellate jurisdiction. It too is dismissed.

Motion to dismiss granted; direct appeal dismissed; cross-appeal dismissed.

*Kutak Rock LLP*, by: *Jess Askew III*, *McKenzie L. Raub*, and *Kyle Unser*; *Williams Law Firm*, by: *Jay B. Williams*, for appellants.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *John Keeling Baker* and *Audra K. Hamilton*, for appellee Northwest Arkansas Regional Airport Authority.

*Tim Griffin*, Att'y Gen., by: *Laura L. Purvis*, Ass't Att'y Gen., for appellee Tim Griffin, in his official capacity as Attorney General of Arkansas.