Darlene PEEKS and Donnie Peeks *v*. ARKANSAS
DEPARTMENT OF HUMAN SERVICES
and Kenneth Murphy

90-68                                               800 S.W.2d 428

Supreme Court of Arkansas
Opinion delivered December 17, 1990

*Griffin J. Stockley*, *Central Arkansas Legal Services*, for appellant.

*Frank Gobell*, Office of Chief Counsel, Arkansas Dep't of Human Services, for appellee.

DALE PRICE, Justice. This is an appeal from a dependent-neglect proceeding pursuant to the Arkansas Juvenile Code of 1989. The issue is whether the trial court erred by not ordering the return of the appellants' children at the conclusion of the hearing on October 16, 1989. We dismiss.

The appellee, Arkansas Department of Human Services (DHS), through its agent, Kenneth Murphy, filed a petition for emergency custody of the children of appellants Darlene and Donnie Peeks. The petition alleged the children had been abandoned by their mother and thus were dependent-neglected. The court entered an order on the same date, finding there was probable cause to believe the children were dependent-neglected and placed them in the custody of DHS. Following a delay agreed to by the parties, the adjudication hearing was conducted on October 16, 1989. That hearing was subsequently continued to October 23 for additional evidence regarding the appellants' home condition. The court entered its order on November 16 in which it found the children were not dependent-neglected, returned custody to the appellants and dismissed the action.

The parties acknowledge the threshold question is whether the issue to be decided is moot. As previously noted, the adjudication hearing was continued for one week, and the children were returned to the appellants at its conclusion on October 23. This controversy is moot. The appellants rely upon *Campbell* v. *State*, 300 Ark. 570, 781 S.W.2d 14 (1989), in support of their contention that this court should nevertheless

review the matter. We stated in *Campbell* that when a case involves the public interest, or tends to become moot before litigation can run its course, or a decision might avert future litigation, we will not refuse to consider the case on its merits. None of the reasons enunciated in *Campbell* have application here. In any event our review of the merits is precluded because of the doctrine of invited error. The doctrine provides that a person cannot complain of an alleged erroneous action of the trial court if he himself induced such action. *Missouri Pacific Railroad Co.* v. *Gilbert*, 206 Ark. 683, 178 S.W.2d 73 (1944). It was clearly the appellants' suggestion to continue the hearing for another week.

Accordingly, this action is dismissed.