Veronica POST *v.* FRANKLIN COUNTY BOARD of ELECTION COMMISSIONERS, John Paul Pendergrass, Herman Verkamp and Randy Hillard, in Their Official Capacities; and Gary Zolliecoffer, Individually

08-723                                   290 S.W.3d 595

Supreme Court of Arkansas
Opinion delivered January 15, 2009

*Butler & Green, P.A.*, by: *Chad M. Green* and *Adam H. Butler*, for appellant.

*Barham Law Office, P.A.*, by: *R. Kevin Barham*, for appellee Gary Zolliecoffer.

DONALD L. CORBIN, Justice. Appellant Veronica Post appeals the order of the Franklin County Circuit Court dismissing for lack of subject-matter jurisdiction her petition for a writ of mandamus and request for declaratory judgment. Because this is the second appeal of this election case, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(4) and (7). We affirm.

Post and Appellee Gary Zolliecoffer were candidates for the office of mayor of Altus, Arkansas, in an election held November 7, 2006. It was not disputed that Post received 123 votes and

Zolliecoffer received 136 votes.[1] Two days after the election, Post initiated the litigation that comprised the first appeal; she alleged that Zolliecoffer was a convicted felon and asked that Appellee Franklin County Board of Election Commissioners (the "Board") declare him ineligible to run for office and remove his name from the ballot. The circuit court found that Zolliecoffer had pleaded guilty to burglary and grand larceny in 1965 and therefore was a convicted felon and an ineligible candidate; accordingly, the circuit court prohibited the Board from certifying any votes for Zolliecoffer. Zolliecoffer appealed that order. This court reversed and dismissed, finding that the circuit court lacked subject-matter jurisdiction to hear a preelection eligibility challenge filed after the election and that Post had not instituted a postelection contest because she had stipulated that Zolliecoffer received the most votes. *Zolliecoffer v. Post*, 371 Ark. 263, 265 S.W.3d 114 (2007).

While the first appeal was pending, however, and within the time allowed by statute, the Board certified the votes cast for Post. Zolliecoffer did not contest that certification pursuant to Ark. Code Ann. § 7-5-801 (Repl. 2007). Post was subsequently commissioned by the Governor and took the oath of office of mayor in January 2007.

This court issued its opinion in the first appeal on October 11, 2007. According to the petition she filed in the present case, Post contends that on November 15, 2007, the Board scheduled a meeting for November 19, 2007, to consider whether to certify votes in favor of Zolliecoffer. Post then filed the present action on November 19, 2007, against both Zolliecoffer and the Board. She sought a writ of mandamus prohibiting the Board from certifying any votes cast for Zolliecoffer and a judgment declaring that the fifteen-day requirement for certifying votes pursuant to Ark. Code Ann. § 7-5-701(a)(1) (Repl. 2007) was mandatory and that the Board was not authorized to certify votes cast in favor of Zolliecoffer.

The circuit court held a hearing on Post's petition on February 28, 2008. There, the Board stated that it met to take action following the opinion issued by this court in the first appeal,

---

[1] The record in the present appeal reveals there was some discussion as to whether Post actually received 123 votes or 126 votes, as reflected in various pleadings filed in both cases and in the opinion issued in the first appeal. The difference of the three votes is immaterial for purposes of this appeal.

but that it had also been notified of pending litigation, and therefore in the interest of preserving "judicial assets," would just wait until the court told it what to do. The Board also admitted during the hearing that on November 15, 2007, it had certified the votes cast for Post, and that now since the previously entered order had been reversed, the Board was "prepared to certify those votes. However, we need the Court's guidance because of the issues that were raised by Ms. Post, whether or not the fifteen days — whether or not it is untimely for us to certify."

Following the hearing, the trial court issued an order dated March 24, 2008, dismissing Post's petition for lack of subject-matter jurisdiction. The order incorporated the circuit court's letter opinion of March 11, 2008, wherein the court stated that based on the opinion of this court in the first appeal and the doctrine of the law of the case, "this Court finds that it still lacks jurisdiction of this matter on all issues before the Court with the exception of the Defendant Gary Zolliecoffer's request for a "Writ of Mandamus."[2] The present appeal followed.

As her first point for reversal, Post argues that she is without an adequate remedy to challenge the Board's unlawful actions, and we should therefore interpret section 7-5-701(a)(1) as creating a third type of action in election cases allowing her to challenge the Board's certification of results. *See, e.g., Willis v. Crumbly*, 368 Ark. 5, 10-11, 242 S.W.3d 600, 604 (2006) (recognizing "two types of election cases provided for by statute: pre-election, eligibility challenges and post-election, election contests"). In essence, Post asks this court to construe the election code to fashion a remedy for her.

■ This second appeal is but another attempt to achieve the same objective as that of the first appeal. However, the decision of this court in the first appeal is now the law of the case, as the circuit court correctly observed. In the first appeal, Post sought to challenge Zolliecoffer's eligibility and certification as the winner. In the second appeal, Post seeks the same objective, which is to

---

[2] Apparently, based on this and other parts of the court's order, Zolliecoffer had filed a counterclaim for writ of mandamus, which the circuit court denied, finding that the Board did not act willfully in refusing to perform its duties. It is also apparent that Zolliecoffer had filed an additional counterclaim based in quo warranto, which the circuit court denied for lack of subject-matter jurisdiction. Zolliecoffer did not file a cross-appeal relating to these counterclaims, and therefore they are not at issue here.

prevent the votes for Zolliecoffer from being certified. These issues were decided adversely to Post in the first appeal. They are now the law of the case. *Scamardo v. Sparks Reg'l Med. Ctr.*, 375 Ark. 300, 289 S.W.3d 903 (2008). The law-of-the-case doctrine prohibits a court from reconsidering issues of law and fact that have already been or could have been presented in the first appeal. *Id.* Inasmuch as Post is still challenging Zolliecoffer's eligibility and the certification of him as the winner, the circuit court was correct in recognizing as the law of the case that it did not have subject-matter jurisdiction. *Zolliecoffer*, 371 Ark. 263, 265 S.W.3d 114 (citing *Pederson v. Stracener*, 354 Ark. 716, 128 S.W.3d 818 (2003)). Thus, we affirm the circuit court's order dismissing Post's petition for lack of subject-matter jurisdiction.

We next consider Post's second argument for reversal. She contends the circuit court erroneously granted the Board an additional fifteen days from the entry of its order to certify the votes cast in the 2006 Altus mayoral election. Section 7-5-701(a)(1) states as follows:

> No earlier than forty-eight (48) hours after the election and no later than the fifteenth calendar day after the election, the county board of election commissioners, from the certificates and ballots received from the several precincts, shall proceed to ascertain, declare, and certify the result of the election to the Secretary of State.

Post contends the circuit court is without authority to allow the Board's certification beyond this statutorily prescribed period. Zolliecoffer responds that Post should be estopped from claiming that the Board cannot now certify results because it was her action in obtaining the order that prohibited the timely certification in the first place.

■ We first observe that the circuit court correctly interpreted this court's opinion in the first appeal as reversing the order that originally prevented the Board from timely certifying votes for Zolliecoffer within the statutory period. Therefore, in its letter opinion issued in this second appeal, the circuit court stated that after the reversal of that injunction "there remains no further impediment to the Franklin County Election Commission in fulfilling their duties under the law and certifying the election results as per the votes cast, within fifteen days of the filing of the Orders in regard to this decision." Our review of this issue, including whether estoppel is appropriate here, is precluded be-

cause Post has invited the alleged error of which she complains. The doctrine of invited error provides that a person cannot complain of an alleged erroneous action of the trial court if she herself induced such action. *Peeks v. Ark. Dep't of Human Servs.*, 304 Ark. 172, 800 S.W.2d 428 (1990). This litigation began on November 9, 2006, which was in the midst of the statutorily prescribed period for certification, when Post requested and obtained an order prohibiting the Board from certifying the results of the election. Thus, Post sought the order that precluded the Board's timely certification of results. The doctrine of invited error operates so that she cannot now be heard to complain that any certification is now untimely following the reversal of the erroneously issued order.

Affirmed.

IMBER, J., not participating.