Robbyn TUMEY  *v.*  Charlie DANIELS, Secretary of State;
State Board of Election Commissioner; Benton County Board of
Election Commissioners; and Timothy Chad Hutchinson

04–885                                                      196 S.W.3d 479

Supreme Court of Arkansas
Opinion delivered October 26, 2004

*Daily & Woods, PLLC*, by: *Mark Horoda*, for appellant.

*Quattlebaum, Grooms, Tull & Burrow*, by: *E. B. Chiles, IV*, for appellee Timothy Chad Hutchinson.

*Mike Beebe*, Att'y Gen., by: *Colette D. Honorable*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. This appeal involves a challenge to a candidate's eligibility to run for state office. Appellant Robbyn Tumey is the Democratic Party's candidate for the office of House Representative, District 95. Appellee Timothy Chad Hutchinson is the Republican Party's candidate for the same office. In August 2004, Tumey filed suit in the Pulaski County Circuit Court seeking a judgment declaring Hutchinson ineligible to run for that office, because he allegedly did not meet the one-year residency requirement. Tumey also sought a writ of mandamus directing Appellees, Arkansas Secretary of State Charlie Daniels, the State Board of Election Commissioners, and the Benton County Board of Election Commissioners,[1] to remove Hutchinson's name from the ballot for the November 2, 2004 General Election. Hutchinson moved to dismiss Tumey's complaint on the ground that she had not complied with certain provisions of Ark. Code Ann. § 7-5-801 (Repl. 2000). The trial court granted Hutchinson's motion, and this appeal followed. For reversal, Tumey argues that her suit is governed by Ark. Code Ann. § 7-5-207(b) (Repl. 2000), and that the trial court erred in dismissing her complaint. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(4). We reverse and remand.

Tumey asserts that her complaint is a challenge to Hutchinson's eligibility to have his name placed on the general-election ballot, not a challenge to his certification as the Republican Party's nominee. She asserts that this is clear from the face of her complaint, which alleges that Hutchinson is ineligible because he has not fulfilled the one-year residency requirement of Article 5, § 4, of the Arkansas Constitution. She contends that her suit was filed in accordance with section 7-5-207(b), which provides:

> (b) No person's name shall be printed upon the ballot as a candidate for any public office in this state at any election unless the person is qualified and eligible at the time of filing as a candidate for

---

[1] The state and county Appellees have elected not to file briefs on appeal.

the office to hold the public office for which he is a candidate, except if a person is not qualified to hold the office at the time of filing because of age alone, the name of the person shall be printed on the ballot as a candidate for the office if the person will qualify to hold the office at the time prescribed by law for taking office.

Tumey asserts that as a taxpayer and resident of Benton County, she may avail herself of this provision at any time prior to the general election.

Hutchinson asserts that Tumey's complaint is a challenge to his certification as the Republican nominee. He thus asserts that her suit is an election contest governed by section 7-5-801, which provides:

(a) A right of action is conferred on any candidate to contest the certification of nomination or the certificate of vote as made by the appropriate officials in any election.

(b) The action shall be brought in the circuit court of the county in which the certification of nomination or certificate of vote is made when a county or city or township office, including the office of county delegate or county committeeman, is involved, and, except as provided in this subchapter, within any county in the circuit or district wherein any of the wrongful acts occurred when any circuit or district office is involved, and, except as provided in this subchapter, in the Pulaski County Circuit Court when the office of United States Senator or any state office is involved.

(c) If there are two (2) or more counties in the district where the action is brought and when fraud is alleged in the complaint, answer, or cross-complaint, the circuit court may hear testimony in any county in the district.

(d) The complaint shall be verified by the affidavit of the contestant to the effect that he believes the statements to be true and shall be filed within twenty (20) days of the certification complained of.

(e) The complaint shall be answered within twenty (20) days.

Hutchinson asserts that Tumey failed to comply with subsection (d), because her complaint was not verified by affidavit, nor was it filed within twenty days of the date of the certification of his nomination.

During the proceedings below, Hutchinson relied on this court's holding in *Valley v. Bogard*, 342 Ark. 336, 28 S.W.3d 269 (2000), to support his argument that Tumey's suit is an election contest that had to be brought in compliance with section 7-5-801. *Valley* involved a pre-primary eligibility challenge brought by Arnell Willis, a candidate for State Representative, District 99, in the Democratic primary, against J.F. Valley, another Democratic candidate for the same office. Willis argued that Valley was not eligible for the office because he had not resided in District 99 for a year prior to the election. The trial court agreed with Willis and entered an order finding that Valley did not meet the residency qualifications. On appeal, Valley argued that the trial court lacked jurisdiction over Willis's suit because it was an election contest that should have been brought under section 7-5-801. This court rejected that argument and held that section 7-5-801 was not applicable to pre-primary eligibility challenges:

> The statute that Valley cites and relies on, § 7-5-801(d), provides a right of action to contest the certification of the nomination or the certificate of vote *after* the election. The twenty-day period, however, is not applicable to an action brought before a primary election to determine the eligibility of a candidate. *Jacobs v. Yates*, 342 Ark. 243, 27 S.W.3d 734 (2000). Specifically, the certification discussed in the statute refers to the certification of a candidate following the primary election as a nominee to the general election, not the certification of the qualifications of a candidate before the primary election. *Id.*

*Id.* at 340, 28 S.W.3d at 271.

The trial court in the present case ruled that the last sentence in the foregoing quote supported its conclusion that section 7-5-801 was applicable, because it viewed Tumey's suit as a "post-primary election, pre-general election challenge to the 'certification of nomination' of the defendant Hutchinson[.]" The trial court then found that Tumey's complaint did not comply with subsection (d), because it was not verified by her affidavit. The trial court also found that Tumey should have filed her complaint in the Benton County Circuit Court, pursuant to section 7-5-801(b). The trial court made no ruling on the timeliness of her complaint, as it limited its ruling to the face of Tumey's complaint, pursuant to Ark. R. Civ. P. 12(b)(6), and the complaint did not reflect the date of certification. The trial court then dismissed Tumey's complaint and made no ruling on the merits of Hutchinson's eligibility. This appeal followed.

The issue in this case is whether Tumey's complaint is an election contest controlled by section 7-5-801 or an eligibility challenge controlled by section 7-5-207(b). For the reasons outlined below, we conclude that her suit is governed by section 7-5-207(b).

Section 7-5-207(b) provides a means for a voter to raise a pre-election attack on a candidate's eligibility to stand for election and for removal of that ineligible candidate's name from the ballot. *See Helton v. Jacobs*, 346 Ark. 344, 57 S.W.3d 180 (2001); *Tittle v. Woodruff*, 322 Ark. 153, 907 S.W.2d 734 (1995); *State v. Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989). "That statute created a right in the people to the proper administration of election laws by prohibiting the inclusion of ineligible candidates on the ballot[.]" *Id.* at 411, 779 S.W.2d at 172. This court has consistently recognized that the proper procedure to enforce section 7-5-207(b) is an action for mandamus and declaratory relief, which provides prompt consideration of determining a candidate's eligibility and, if determined ineligible, the removal of the candidate's name before the election. *See, e.g., Helton*, 346 Ark. 344, 57 S.W.3d 180; *Valley*, 342 Ark. 336, 28 S.W.3d 269; *Jacobs v. Yates*, 342 Ark. 243, 27 S.W.3d 734 (2000); *Tittle*, 322 Ark. 153, 907 S.W.2d 734; *Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169. A voter may avail himself or herself of this right at any time prior to the general election; however, once the election takes place, the issue of a candidate's eligibility under section 7-5-207(b) becomes moot. *See Benton v. Bradley*, 344 Ark. 24, 37 S.W.3d 640 (2001); *Jenkins v. Bogard*, 335 Ark. 334, 980 S.W.2d 270 (1998); *Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169.

In contrast to the right provided in section 7-5-207(b), section 7-5-801 provides a right of action to "any candidate to contest the certification of nomination or the certificate of vote as made by the appropriate officials in any election." This right is a "post-election contest between two *competing* candidates." *Helton*, 346 Ark. at 350, 57 S.W.3d at 184 (emphasis added) (quoting *Jacobs*, 342 Ark. at 250, 27 S.W.3d at 738). A complaint brought by a candidate pursuant to section 7-5-801 must be filed within twenty days of the date of the certification complained of, and this filing deadline is both mandatory and jurisdictional. *Willis v. King*, 352 Ark. 55, 98 S.W.3d 427 (2003); *McCastlain v. Elmore*, 340 Ark. 365, 10 S.W.3d 835 (2000).

An election contest under section 7-5-801 may be instituted by a competing candidate after either a primary or general election. In the case of a primary election, the candidate bringing the suit will necessarily be a member of the same party, seeking the same nomination. This court held as much in *Storey v. Looney*, 165 Ark. 455, 265 S.W. 51 (1924):

> The question necessarily presents itself in the beginning, whether or not appellant is in an attitude to contest the certificate of nomination awarded to appellee. Appellant's contention being that there was no valid nomination at all, *he is not a claimant himself for the nomination*, and all that can be done by the court is to cancel the certificate of nomination awarded to appellee. *This is therefore not really a contest for nomination as contemplated and authorized by statute. In order to make a contest for the nomination, appellant must show that he is entitled to the nomination himself, which he fails to do.* The statute (Crawford & Moses' Digest, § 3772) declares that a right of action is conferred "on any candidate to contest the certificate of nomination or the certification of vote as made by the county central committee." *This confines the right of contest to a candidate at the primary election, and to one who claims to be the rightful nominee.* He must show that he is the nominee instead of the contestee, and he fails to show a cause of action unless he so states in his complaint.

*Id.* at 458, 265 S.W. at 52 (citation omitted) (emphasis added). Pursuant to this holding, Tumey could not have brought a challenge under section 7-5-801 to Hutchinson's certification of nomination, because she was not a competing candidate in the Republican primary and thus cannot claim to be the rightful nominee. Accordingly, section 7-5-801 is not applicable to this case, and the trial court erred in concluding otherwise.

The trial court's reliance on this court's holding in *Valley*, 342 Ark. 336, 28 S.W.3d 269, was thus misplaced. As stated above, *Valley* involved a pre-primary eligibility challenge. Section 7-5-801 obviously does not apply in such a case, as there is no "certification of nomination" or "certificate of vote" to contest. Notwithstanding, Valley argued that it was applicable and that Willis therefore had only twenty days from the date of certification to file his challenge. Because the suit was filed *before* the primary election, however, the only "certification" that Valley could have been referring to was that done by the Democratic Party, certifying him as being qualified to seek the nomination. Thus, this

court's holding that section 7-5-801 was not applicable to such a pre-primary party certification was a correct interpretation of the law and did not expand the types of contests that may be brought under that provision. This court's holding did not mandate, implicitly or otherwise, that all eligibility challenges brought after a primary election are necessarily contests to the nominee's certification. The bottom line is that the right provided in section 7-5-801 is only available to a competing candidate who claims to be the rightful nominee or victor.

■ As an alternative means of affirming the trial court's ruling, Hutchinson argues that the trial court lacked jurisdiction to hear Tumey's complaint. He contends that pursuant to Ark. Code Ann. § 7-5-805 (Supp. 2003), Tumey should have filed her complaint with the Arkansas State Claims Commission. That section provides in relevant part:

> (b)(1)(A) Any action to contest eligibility, qualification, or election to serve as a member of the House of Representatives shall be initiated by filing a complaint with the Arkansas State Claims Commission.

> (B) This procedure shall apply to House of Representatives election contests pursuant to Arkansas Constitution, Article 5, § 11, to contests of eligibility pursuant to Arkansas Constitution, Article 5, § 9, and to actions for expulsion pursuant to Arkansas Constitution, Article 5, § 12, except that a member of the House of Representatives shall be automatically suspended from the legislative process if a representative under felony criminal indictment is subsequently found guilty or pleads guilty.

On its face, this section clearly provides for *post-election* contests to a person's eligibility or qualification *to serve* as a member of the General Assembly. *See also Valley*, 342 Ark. 336, 28 S.W.3d 269. Moreover, such a contest is limited to actions brought under the three enumerated constitutional provisions. Tumey's complaint is a pre-election challenge to a candidate's failure to meet the residency requirement of Article 5, § 4. Accordingly, the Claims Commission has no jurisdiction over this suit.

■ In sum, Tumey's complaint seeks a writ of mandamus and a judgment declaring that Hutchinson is not eligible for the position he seeks, House Representative, District 95, because he has not met the constitutionally proscribed residency requirement.

Her suit is the type specifically authorized by section 7-5-207(b). The trial court thus erred in dismissing the complaint based on certain provisions under section 7-5-801. We thus reverse the trial court's dismissal of the complaint and remand for a determination of the merits of Tumey's suit. While we are mindful of the trial court's predicament in having to decide this case in the eleventh hour, we are confident that the trial court will make every effort to resolve this matter in a timely fashion.

Reversed and remanded. The mandate in this case shall issue immediately.

GLAZE, J., concurs.

THORNTON, J., dissents.

DICKEY, C.J., not participating.

TOM GLAZE, Justice, concurring. I fully agree with the result reached in the majority opinion. The questions raised in this election case have long been settled by this court. The trial court simply misconstrued and mistakenly applied Ark. Code Ann. § 7-5-801 (Repl. 2000), which clearly provides for an "Election Contest," which has been defined as an adversarial proceeding between a successful candidate and an unsuccessful candidate. *See Rubens v. HodgesMcClendon v. McKeown*, 230 Ark. 521, 323 S.W.2d 542 (1959). In other words, § 7-5-801, *et seq.*, provides the statutory procedure for a losing candidate to follow after an election where wrongful acts allegedly occurred during the election. That post-election procedure is commenced by the losing candidate by filing a verified complaint within twenty days from the date the election results are certified. This § 7-5-801 procedure providing for election contests is simply not applicable in the present case. Instead, Ark. Code Ann. § 7-5-207 (Repl. 2000) is the statutory procedure which appellant was required to follow.

Section 7-5-207(b) is set out in the Arkansas Election Code and provides for a "Preelection Proceeding" and for procedures required when preparing for a scheduled election. Such preelection procedures include the providing of ballots, and, where necessary, the removal of a person's name from the ballot if the person is not qualified or eligible at the time of filing as a candidate for the office for which he filed.

As the majority points out, this court has adopted a procedure whereby a voter may raise a preelection attack[1] on a candidate's eligibility to stand for election and for removal of the ineligible candidate's name from the ballot. *See State v. Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989). Here, when Hutchinson was certified as a party nominee, Tumey availed herself of the preelection statutory law to remove Hutchinson's name from the forthcoming General Election ballot.

The trial court here clearly had subject-matter jurisdiction to address Tumey's petition for mandamus and declaratory judgment in this election case, and the court's venue was also properly in Pulaski County. *See Valley v. Bogard*, 342 Ark. 336, 128 S.W.3d 269 (2000). The trial court in part relied on *Valley* as support when dismissing this election case based on jurisdiction and venue grounds. However, the lower court failed to properly recognize the distinction between the statutory election procedures involving election contests and the provisions allowing a person to remove the name of a candidate who fails to possess the qualifications required of the office he or she seeks.

Here, the trial court and parties did their best to expedite the election case, but I suggest the parties should have moved to offer evidence on Hutchinson's residency issue, and, if the motion were denied by the trial court, the parties could have proffered what evidence and testimony each had bearing on the fact issue. As matters now stand, this case must be reversed and remanded for a hearing with only a few days prior to the November 2 General Election. Consequently, the situation may be that a timely final decision cannot be rendered.

I respond to the dissenting opinion, which seems to say that this court waited too long to overturn the May 27, 2004, certification or the trial court's order of August 13, 2004. The dissent submits that this matter languished in this court until this date. The dissent is seriously mistaken. The time line of this case is as follows:

> 8/6/04    Tumey filed her petition for mandamus and declaratory judgment, challenging Hutchinson's residency qualifications as candidate for State Representative, District 95.

---

[1] A complainant in an eligibility challenge may be any citizen, voter, candidate or other interested party. *Jacobs v. Yates*, 342 Ark. 243, 27 S.W.3d 734 (2000).

8/13/04   Hutchinson moved to dismiss, and, among other things, alleged that the trial court lacked jurisdiction and venue.

8/20/04   Tumey filed her timely notice of appeal from the trial court's 8/13/04 order. She filed the record with this court and petitioned for an expedited appeal.

8/25/04   Hutchinson filed his response.

9/14/04   Appellees Secretary of State and State Board of Election Commissioners stated that they would not file a brief.

9/19/04   Hutchinson filed his brief.

10/5/04   Tumey filed a reply.

10/7/04   Tumey moved to substitute her brief.

10/14/04   We granted Tumey's motion.

10/21/04   This court was in Fort Smith to hold court, but this case was expected and was to be submitted the next Thursday, 10/28/04.

10/26/04   Opinion was delivered. Although the case was ordinarily scheduled for decision conference on 10/28/04, this court took submission of the case and delivered its opinion this date.

If there was any serious delay in this case, it was because no record was made or proffered regarding the only factual issue in the case: whether Hutchinson, at the time of the November 2, 2004, General Election, will have been a "resident" (domicile) for one year in the State Representative District 95 to which he may be elected. *See Valley*, 342 Ark. at 344-345.

In sum, time is running in this matter, but the parties and this court have expeditiously worked to get the case decided. I am sure the parties and the trial court will continue to do their utmost to resolve this matter. Election cases always present time problems. It is the "nature of the beast." Since my tenure on this court, this court has earnestly attempted to work through these time problems so that a timely decision can be made before the date of an election. On rare occasions, the court has rendered what turned out to be an advisory opinion because the election case was not

decided prior to the election. This case may still be resolved before November 2, but, if not, this court made an earnest effort to conclude it.

RAY THORNTON, Justice, dissenting. I would conclude that the Benton County Election Commission, the Secretary of State, and the Republican Party have a right to have their certified candidate appear on the general election ballot. I also note that in the event Mr. Hutchinson is the winner of that election, his qualification to serve District 95 as its representative becomes a matter for determination by the House of Representatives. *See* Ark. Const. Art. 5, § 11, cl. 1. The trial court found that Ms. Tumey has not brought an appropriate pre-election or post-election challenge to the right of a political party to certify a candidate to the general election ballot.

This appeal presents two issues. First, does Timothy Chad Hutchinson qualify as a resident of District 95 eligible for election to serve in the Arkansas House of Representatives? My answer to this question is that there is no evidence before us to resolve this issue, and that there is not enough time before the November 2nd election for this question to be scheduled for hearing, decided by the trial court, and reviewed by this court on appeal.

Secondly, do the Benton County Election Commission, the State Election Commissions, and the Secretary of State have an interest in causing the elected and certified candidate of the Republican Party to be included on the ballot of next week's general election when the certification of that candidate was not challenged within twenty days of certification, as provided by Ark. Code Ann. § 7-5-801(d) (Supp. 2003). My answer is yes. The Republican Party has a right to have its certified candidate appear on the general election ballot. In my opinion, the clock has already run on the timely exercise of judicial authority to deprive the citizens of District 95 from the opportunity to choose between the Democratic and Republican candidates.

Hutchinson was certified as the winner of the May 18, 2004, preferential primary by the Board of Election Commissioners on May 27, 2004, and by the Secretary of State on July 2, 2004. Ms. Tumey filed her complaint challenging Hutchinson's qualifications on August 6, 2004. The responsive pleadings by Hutchinson, the Secretary of State, and the Board of Election Commissioners were filed on or before August 12, 2004, and various motions were filed on August 13, 2004. The trial court also held a hearing on

August 13, 2004, and entered an order dismissing the case pursuant to a motion under the Arkansas Rules of Civil Procedure 12(b)(6) on the grounds, *inter alia*, that the Complaint was not verified. A timely notice of appeal was filed on August 20, 2004, and the matter languished in this court until this date.

I believe this court waited too long to overturn the May 27, 2004, certification or the trial court's order of August 13, 2004. For that reason, I respectfully dissent.