Timothy Chad HUTCHINSON  *v.*
The Honorable Timothy D. FOX,
Circuit Court of Pulaski County, Arkansas;
Robbyn Tumey; Charlie Daniels, Secretary of State;
State Board of Election Commissioners;  and
Benton County Board of Election Commissioners

04-1159                                      196 S.W.3d 492

Supreme Court of Arkansas
Opinion delivered October 29, 2004

*Emmett Bower Chiles* and *Brandon B. Cate*, for petitioner.

*Timothy G. Gauger*, for appellee The Honorable Timothy D. Fox.

PER CURIAM. Emergency Petition for a Writ of Certiorari or, in the alternative, for Writ of Prohibition and Emergency Petition for Stay is denied.

THORNTON, J., dissents.

DICKEY, C.J., not participating.

RAY THORNTON, Justice, dissenting. The Arkansas Constitution provides for the separation of powers into a Legislative Department, an Executive Department, and a Judicial Department, and states that "no person or collection of persons, being of one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted." Ark. Const. Art. 4, § 2, cl. 1. The Constitution also provides that within the Legislative Department, "[e]ach house shall appoint its own officers and shall be the *sole judge of the qualifications, returns, and elections of its own members.*" Ark. Const. Art. 5, § 11, cl. 1 (emphasis added).

We had steadfastly and properly refused to encroach upon the power of the legislature to be the sole judge of the qualifications, returns, and elections of members of the General Assembly, until the proceedings of this case. We have previously recognized

the power and authority of the House of Representatives under the Arkansas Constitution to be the sole judge of the qualifications and elections of it members. *Magnus v. Carr*, 350 Ark. 388, 86 S.W.3d 867 (2002). As I pointed out in my dissent to the court's order remanding this case to the trial court, *Tumey v. Daniels*, 359 Ark. 256, 196 S.W.3d 479 (2004), I believe that the clock has already run on the timely exercise of judicial authority to deprive the citizens of District 95 from the opportunity to choose between the Democratic and Republican candidates. I reiterate that we should not have remanded this case to the trial court with so short a length of time to render a decision.

It is axiomatic that a *pre-election* challenge under Ark. Code Ann. § 7-5-207 must be brought *before* an election. *See generally State v. Craighead County Bd. Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989). In my opinion, the advent of early voting, especially as evidenced in this election, has changed the concept of when an election begins. We are not dealing with absentee ballots. These are ballots, cast by persons waiting in line at polling places, and are not different from the ballots cast on November 2, 2004. The hours of this election have been established as beginning on the first day of early voting, October 18, 2004, and ending when the polls close on November 2, 2004. All ballots, both early and those cast on November 2, 2004, will not be counted until after the polls close on November 2, 2004. Today's majority could have the effect of not counting the votes of thousands of citizens who had followed the law in voting as authorized by statute. Ark. Code Ann. § 7-5-418 (Supp. 2003).

This election, in my opinion, has already begun and our authority to determine the issue of what name appears on a ballot is limited by the Arkansas Constitution's grant of authority to the House of Representatives to, "be the sole judge of the qualifications, returns, and elections of its members. If, as the majority concludes, that is not the law then it should be the law. The Legislative Department may make it so.

For these reasons, I respectfully dissent.