The Honorable Jack Crumbly State Senator 1823 SFC 414 Widener, Arkansas 72394-9404
Dear Senator Crumbly:
I am writing in response to your request for an opinion regarding contesting a school-board election. You ask:
 1. Does a sitting member of a school district board have the right to file a school board contest when the school board member is not in the contested race?
 2. Can a sitting school board member use the school board money to finance the lawsuit?
RESPONSE
There are two broad types of school-board election contests. One occurs before the election and relates to the challenged candidate's eligibility to run. The other occurs after the election and relates to the certification of the candidate's apparent victory. Because your question does not indicate which type you are referring to, I will address both. If you are referring to a pre-election challenge, my answer to your first question is "yes," assuming the board member is eligible to vote in the race he or she plans to contest. My answer to your second question is no. If you are referring to a post-election challenge, my answer to your first question is "no," which renders your second question moot. *Page 2 
 I. Pre-election contest
Question 1 — Does a sitting member of a school district board havethe right to file a school board contest when the school board member isnot in the contested race?
Unless school-board election laws provide for a different procedure, the general election laws apply. A.C.A. § 6-14-101 (Repl. 1999) ("The general election laws apply to school elections insofar as they are not in conflict with the school election laws."). Because the school election laws do not provide for a pre-election challenge, the general statute governing pre-election challenges applies: A.C.A. § 7-5-207
(2000 Supp. 2007).
The Arkansas Supreme Court has interpreted § 7-5-207(b) to give "voters" a right to maintain a pre-election challenge. E.g., Tumey v.Daniels, 359 Ark. 256, 260, 196 S.W.3d 479, 482 (2004) ("Section7-5-207(b) provides a means for a voter to raise a pre-election attack. . . ."); State v. Craighead County Bd. of Election Commrs.,300 Ark. 405, 411, 779 S.W.2d 169, 172 (1989). While there is no case specifically interpreting the breadth of "voter" for § 7-5-207 purposes, the Tumey court's use of the term "voter" likely incorporates the court's understanding of "voter" in other election cases. Consequently, we can infer that part of the definition of "voter" is that a voter must reside in the territory covered by the election. E.g., Ptak v.Jameson, 215 Ark. 292, 220 S.W.2d 592 (1949) (holding that some votes cast by university students in an election for a city office were invalid because the students did not reside in the city). Therefore, for a challenger to have standing to bring a pre-election challenge, the challenger must be able to vote in the race he wishes to contest.
Other states' cases explicitly state this standing analysis. E.g.,Walker v. Sliger, 218 Tenn. 657, 663-64, 405 S.W.2d 471, 474-75 (1966). For example, in Tennessee a private citizen challenged the eligibility of two political candidates after the election. But the citizen was not an eligible voter in either election he challenged. The Tennessee Supreme Court held the citizen lacked standing: "[A] private citizen who seeks no relief for himself cannot contest an election solely on the ground he seeks to redress a public wrong." Id.
You have not indicated whether the sitting board member can vote in the election that he or she might contest. For the remainder of this analysis, I will assume the board member is a "voter" in the sense described here. Whether a person is a *Page 3 
qualified voter of a political subdivision is a question of fact that rests on objective and subjective factors. E.g., Clement v.Daniels, 366 Ark. 352, 358, 235 S.W.3d 521, 526 (2006). These two sets of factors must be determined by a court. If the board member is not a "voter," he or she lacks standing to bring a pre-election contest, in my opinion. Therefore, in my opinion, assuming the sitting board member is a "voter," the answer to your first question is "yes."
Question 2 — Can a sitting school board member use the school boardmoney to finance the lawsuit?
In my opinion, the answer is "no." This analysis only appears complex because of the school-board member's dual capacity as a voter and member of the board. As a board member, this individual is in a position to make decisions about how to disperse school funds. As a voter, however, he or she has no direct access to school funds. In the context of your question, the challenger is only acting in the voter capacity when bringing the challenge, for the reasons explained above. Under A.C.A. § 7-5-207, it is irrelevant that the voter is also a board member. The sole question under § 7-5-207 is whether the prospective challenger is a "voter." And a voter has no access to school-board funds. Thus, in my opinion, the board member cannot use school funds to finance the pre-election contest.
 II. Post-election contests
If you are asking about a post-election challenge, we must, again, look to the statute. The statute for conducting post-election challenges to school-board elections (§ 6-14-116) incorporates the general statute for conducting post-election challenges (§ 7-5-801). A.C.A. § 6-14-116
(1999 Supp. 2007) ("Actions to contest the election of school district officers shall follow the procedures set out in § 7-5-801 et seq.") (emphasis added).
Under § 7-5-801, only the candidate who apparently lost the election may bring the challenge. The Arkansas Supreme Court has made this clear: "The only private post-election right to challenge an election is under Ark. Code Ann. § 7-5-801 (Repl. 2000). This statute is not applicable. Neither . . . [of the plaintiffs] were candidates." Pederson v.Stracener, 354 Ark. 716, 719, 128 S.W.3d 818, 819 (2003) (emphasis added); Tumey v. Daniels, 359 Ark. 256, 260, 196 S.W.3d 479, 482 (2004) ("This right is a post-election contest between two competing
candidates."). *Page 4 
In the hypothetical situation you posit, the non-competing school-board member is not the candidate who apparently lost the race. Therefore, my answer to your first question is "no," which renders your second question moot.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General *Page 1