# SUPREME COURT OF ARKANSAS

**No.** CV–14–370

| | |
|---|---|
| LONNIE WILLIAMS<br>APPELLANT<br><br>V.<br><br>MARK MARTIN, IN HIS OFFICIAL CAPACITY AS THE SECRETARY OF STATE FOR THE STATE OF ARKANSAS; JAMES BARGAR, PAUL FOSTER AND BETTY PICKETT, IN THEIR OFFICIAL CAPACITIES AS THE COMMISSIONERS OF THE FAULKNER COUNTY ELECTION COMMISSION; L.C. RATCHFORD, DOYLE RAGLAND, G.C. BLAIR, IN THEIR OFFICIAL CAPACITIES AS THE COMMISSIONERS OF THE SEARCY COUNTY ELECTION COMMISSION; STEPHEN JAMES, JIM KIRKENDOLL, AND BOB PATTERSON, IN THEIR OFFICIAL CAPACITIES AS THE COMMISSIONERS OF THE VAN BUREN COUNTY ELECTION COMMISSION; AND ANGELA BYRD<br>APPELLEES<br><br>LESLIE STEEN, IN HIS OFFICIAL CAPACITY AS CLERK OF THE SUPREME COURT OF ARKANSAS AND ARKANSAS COURT OF APPEALS<br>THIRD-PARTY APPELLANT<br><br>V.<br><br>ANGELA BYRD<br>THIRD-PARTY APPELLEE | **Opinion Delivered** May 14, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION<br>[NO. 60CV-14-1282]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE<br><br><br>AFFIRMED. |

**JIM HANNAH, Chief Justice**

This appeal arises from a pre-election challenge to the eligibility of a candidate for the non-partisan judicial election on May 20, 2014, and a challenge to the constitutionality of Rule VII(C) of the Arkansas Supreme Court Rules Governing Admission to the Bar. Appellant, Lonnie Williams, a registered voter residing in the Twentieth Judicial District in Conway, Faulkner County, Arkansas, petitioned the Pulaski County Circuit Court for a declaratory judgment that appellee, Angela Byrd, a filed candidate for circuit judge for Division 4 of the Twentieth Judicial District, was unqualified and ineligible for that office because she was not a "licensed attorney" for the constitutionally mandated six-year time period immediately preceding the assumption of office for circuit judge.[1] In his petition, Williams alleged:

Section 16(B) of amendment 80 to the Arkansas Constitution provides:

16. Qualifications and Terms of Justices and Judges.

---

[1]Williams also requested that the circuit court issue a writ of mandamus to appellee, Mark Martin, in his official capacity as Arkansas Secretary of State, ordering him to strike or remove Byrd from the list of eligible candidates and that the circuit court issue a writ of mandamus to appellees, James Barger, Paul Foster, and Betty Pickett, in their official capacities as Commissioners of the Faulkner County Election Commission; Grover "Doc" Blair, Doyle Ragland, and L.C. Ratchford, in their official capacities as Commissioners of the Searcy County Election Commission; and Stephen James, Bob Patterson, and Jimmy Kirkendoll, in their official capacities as Commissioners of the Van Buren County Election Commission, ordering them not to include Byrd on any ballot as a candidate for the position of circuit judge, District 20, Division 04. Finally, Williams requested that if Byrd is included on the ballot, the circuit court direct that no votes cast for Byrd should be counted.

(B) Circuit Judges shall have been licensed attorneys of this state for at least six years immediately preceding the date of assuming office. They shall serve six-year terms.

Byrd filed to be a candidate for the position of Circuit Judge, District 20, Division 04. The elected candidate for this position will assume office on or about January 1, 2015. To satisfy section 16 of amendment 80 for this election, a candidate for circuit judge must have been a licensed attorney in this state since at least January 1, 2009.

Byrd's license as an attorney in the State of Arkansas was suspended on March 6, 2014.

During the period of time that Byrd was suspended, she was not a "licensed attorney."

Upon information and belief, Byrd failed to timely pay her annual bar license fee for the year 2014. While her license was suspended, she was "no longer licensed" pursuant to Rule VII of the Arkansas Supreme Court's Rules Governing Admission to the Bar. Section E of Rule VII of the Arkansas Supreme Court's Rules Governing Admission to the Bar specifically provides that "[i]t shall be the duty of the Clerk to maintain a public record of licensed attorneys in the state of Arkansas and a list of all attorneys no longer licensed and the reason therefore, e.g., deceased, suspended, disbarred, surrender of license, inactive, delinquency of fee, disabled or retired."

Thus, Byrd was not a "licensed attorney" for the requisite constitutionally mandated six-year time period immediately preceding the assumption of office required of a candidate for Circuit Judge.

Byrd responded to Williams's petition, admitting that "there was an alleged administrative suspension of her as a delinquent lawyer on March 6, 2014, done without notice or a hearing in violation of her rights under article 2, section 21 of the Arkansas State Constitution and the Fourteenth Amendment to the United States Constitution Due Process Clauses." On that basis, Byrd filed a third-party complaint against Leslie Steen, in his official capacity as Clerk of the Arkansas Supreme Court and Arkansas Court of Appeals, alleging that Rule VII(C) is unconstitutional on its face as a violation of procedural due process. Byrd's third-party complaint contended that Rule VII(C) should be declared

unconstitutional, that its enforcement should be permanently enjoined, and that the petition for writ of mandamus and declaratory judgment asserted by Williams should be denied.

After a hearing, the circuit court entered an order denying Williams's petition and granting Byrd's third-party complaint. The circuit court ruled:

> Automatic suspension of Byrd's ability to practice law pursuant to her law license on March 6, 2014, without advance notice and without affording her any pre-suspension opportunity to be heard before the suspension took effect, denied her due process of law in violation of the Fourteenth Amendment to the U.S. Constitution. The third-party complaint of Byrd challenging the constitutionality of Rule VII(C) of the Rules Governing the Admission to the Bar asserts a justiciable claim.

> Automatic suspension of privileges conferred by a state-issued license to engage in the practice of law for delinquent payment of a license fee, without advance notice to a licensee and without affording a licensee a pre-suspension opportunity to be heard before the suspension becomes effective, is a facial violation of the Arkansas and federal constitutional guarantees of procedural due process. Byrd's third-party complaint to declare Rule VII(C) of the Rules Governing Admission to the Bar unconstitutional and unenforceable is GRANTED.

> Therefore, Rule VII(C) of the Rules Governing Admission to the Bar is void. Byrd's license to practice law has not been suspended. She will have been a licensed attorney of Arkansas for at least six years on January 1, 2015, the date she would assume office if elected Circuit Judge for the Twentieth Judicial District of Arkansas, Division 4.

> The petition by Lonnie S. Williams for a writ of mandamus to the Secretary of State and Election Commissions and for judgment declaring Byrd not qualified or not eligible to be a candidate for Circuit Judge because of the March 6, 2014 suspension of her law license is DENIED.

Williams appeals, contending that Byrd's suspension for failure to timely pay dues disqualifies her from running for the office of circuit judge because a suspension for non-payment of an annual license fee is a suspension of the attorney's license. Steen appeals, contending that Rule VII(C) is not unconstitutional. For the reasons expressed in *Kelly v. Martin*, 2014 Ark. ____, also handed down this same date, we affirm the circuit court's denial

4

of Williams's petition for declaratory relief and writ of mandamus. For the reasons expressed in *Chandler v. Martin*, 2014 Ark. \_\_\_, we affirm the circuit court's granting of Byrd's third-party complaint.[2] Pursuant to Arkansas Constitution amendment 80, section 16(B), Byrd is an eligible candidate for circuit judge.

Affirmed.

Special Justices RAYMOND R. ABRAMSON, WOODY BASSETT, and TODD TURNER join in this opinion.

DANIELSON, BAKER, and GOODSON, JJ., not participating.

HART, J., concurs in part and dissents in part.

CORBIN, J., dissents.

**JOSEPHINE LINKER HART, Justice, concurring in part and dissenting in part.**

Because we need not address the due-process issue, I respectfully dissent for the reasons stated in *Chandler v. Martin*, 2014 Ark. \_\_\_.

**DONALD L. CORBIN, Justice, dissenting.** I do not agree with the majority's

---

[2]The dissent concludes that, for the reasons expressed in her dissent in *Chandler v. Martin*, 2014 Ark. \_\_\_, we need not address the due-process issue. The dissent is mistaken. The issue regarding the constitutionality of the automatic-suspension provision is *not* moot. This court has stated that, generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then existing legal controversy. *E.g.*, *Bd. of Tr. v. Crawford Cnty. Cir. Ct.*, 2014 Ark. 60, \_\_\_ S.W.3d \_\_\_. That is certainly not the case here. Third-party complaints were filed against Steen in the instant case and in the *Chandler* case, and the circuit court ruled against Steen in both cases. Regardless of whether the candidates are eligible, the fact remains that the circuit court has concluded that the automatic-suspension provision of Rule VII(C) is unconstitutional, and Steen has been enjoined from enforcing it. As was his right, Steen appealed, and his appeal *cannot be resolved* without addressing the due-process issue.

conclusion that an attorney who has failed to timely pay the annual fee required to maintain her attorney's license is an eligible candidate for circuit judge in this state under amendment 80, § 16(B) to the Arkansas Constitution. Accordingly, for the reasons stated in my dissent in *Kelly v. Martin*, 2014 Ark. ___, ___ S.W.3d ___, I dissent from the majority's conclusion to affirm the circuit court's finding that Appellee Angela Byrd is an eligible candidate for circuit judge.

Furthermore, Byrd has suffered no injury from the majority's application to her of Rule VII(C) of the Rules Governing Admission to the Bar; therefore, she has no standing to raise either an as-applied or a facial challenge to the constitutionality of the Rule. Accordingly, for the reasons stated in my dissent in *Chandler v. Martin*, 2014 Ark. ___, ___ S.W.3d ___, I dissent from the majority's decision to declare Rule VII(C) unconstitutional in violation of Byrd's due-process rights under the Fourteenth Amendment to the United States Constitution and under article 2, section 21 of the Arkansas Constitution.

*Quattlebaum, Grooms, Tull & Burrow PLLC*, by: *John E. Tull III* and *Joseph R. Falasco*; and *Baxter, Jewell & Dobson, P.A.*, for appellant.

*Martha Adcock*, General Counsel, and *L. Justin Tate*, Associate General Counsel, for appellee Secretary of State Mark Martin.

*David Hogue*, for appellee Faulkner County Election Commission.

*Robert A. Newcomb*, for appellee/third-party appellee Angela Byrd.

*Bristow & Richardson, PLLC*, by: *Bill W. Bristow*, for third-party appellant Leslie Steen.