SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV–14–358

| | |
|---|---|
| VALERIE BAILEY<br><br>APPELLANT<br><br>V.<br><br>MARK MARTIN, IN HIS OFFICIAL CAPACITY AS THE SECRETARY OF STATE FOR THE STATE OF ARKANSAS; ROB HILL, LOU ANN CARTER, AND JEFF OLMSTED, IN THEIR OFFICIAL CAPACITIES AS THE COMMISSIONERS OF THE PERRY COUNTY ELECTION COMMISSION; LEONARD A. BOYLE, SR., CHRIS BURKS, AND ALEX REED, IN THEIR OFFICIAL CAPACITIES AS THE COMMISSIONERS OF THE PULASKI COUNTY ELECTION COMMISSION; AND KRISTEN HULSE<br><br>APPELLEES | **Opinion Delivered** May 14, 2014<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-14-980]<br><br>HONORABLE JOHN C. COLE, SPECIAL JUDGE<br><br><u>APPEAL DISMISSED</u>. |

## DONALD L. CORBIN, Associate Justice

Appellant Valerie Bailey brings the instant appeal from an order of the Pulaski County Circuit Court, Special Judge John Cole presiding, granting a declaratory judgment and issuing a writ of mandamus in favor of Appellee Kristen Hulse on the basis that Bailey was not a qualified or eligible candidate for the office of circuit judge pursuant to section 16 of amendment 80 to the Arkansas Constitution. On appeal, Bailey argues that (1) a writ of mandamus was inapplicable and Hulse's petition should have been dismissed; (2) no rule provides that an administrative suspension of an attorney's right to practice law constitutes

SLIP OPINION

revocation or termination of a license for purposes of amendment 80; (3) payment of her delinquent license fees and CLE fees had the effect of reinstating her license; (4) the circuit court erred in its interpretation of amendment 80; and (5) the process of automatic suspension pursuant to Rule VII(C) of the Rules Governing Admission to the Bar violates Bailey's rights to due process and, thus, the circuit court should have granted her motion for reconsideration.

In her brief to this court, Appellee Hulse counters that the circuit court's order was proper and should be affirmed because (1) Bailey was not qualified to be a candidate for circuit judge; (2) the arguments presented by Bailey have been waived, are untimely, and are now moot because the ballots for the May 20, 2014 election have already been printed, mailed to absentee voters, and early voting has commenced; (3) Bailey failed to present and request a ruling on any constitutional arguments and, as such, those arguments are not properly before this court.

Appellees, the Perry County Election Commission and the Pulaski County Election Commission, as well as Appellee Secretary of State Mark Martin, take no position on Bailey's qualifications to assume the office of circuit judge but respond that Bailey's appeal is untimely because there is no relief available to Bailey, whose name was removed from the ballot.

This court has jurisdiction of the instant appeal pursuant to Arkansas Supreme Court Rule 1–2(a)(4) (2013), as it involves issues pertaining to elections and election procedures. We dismiss Bailey's appeal.

On March 3, 2014, Bailey filed as a candidate for the position of circuit judge, District 06, Division 06, Subdistrict 6.2, which covers parts of Pulaski and Perry Counties. The other

candidate for this position is the current holder of the office, Circuit Judge Tim Fox. The person elected to this position will assume office on or about January 1, 2015.

Hulse, a registered voter in Pulaski County, filed a petition for writ of mandamus and a declaratory judgment on March 10, 2014. Therein, she alleged, inter alia, that Bailey was not qualified to hold the office of circuit judge because her license to practice law had been suspended "for the majority of the period of time between November 2002 and December 1, 2011." Thus, according to Hulse, during the periods of time that Bailey's license was suspended, she was not a licensed attorney; rather, she was a former attorney pursuant to section 22(A) of the Procedures of the Arkansas Supreme Court Regulating the Professional Conduct of Attorneys at Law. Hulse requested a declaratory judgment that Bailey was not qualified and was ineligible to be a candidate for circuit court judge. She further requested that the circuit court issue a writ of mandamus to Appellees Martin and the Commissioners of the Pulaski County and Perry County Election Commissions ordering that they not include Bailey on any ballot as a candidate for the position of circuit judge or, alternatively, that if she appears on the ballot, that no votes cast for her be counted.

Bailey filed an answer, admitting that her license had been administratively suspended for a period of time because of CLE noncompliance and because of failure to timely pay her annual license fee. Bailey denied that her administrative suspensions rendered her not qualified for the office of circuit judge. She argued that at all relevant times she remained a licensed attorney, and the suspensions were merely a limitation on her ability to practice law.

In other words, Bailey asserted that the administrative suspension did not result in the loss of her license for purposes of section 16(B) of amendment 80.

The circuit court held a hearing on March 19, 2014. Denise Parks, office manager for the Arkansas Supreme Court Clerk's office, testified that she has been the keeper of the records related to licensed attorneys for twenty-eight or twenty-nine years. Parks testified that the annual license fee is due every year between January 1 and March 1. When asked what happens if an attorney fails to pay his or her annual fee by March 1, Parks stated that the attorney is "suspended for nonpayment of dues." Parks further explained that after March 1, an attorney may pay his or her annual fee, plus a $100 penalty, if the delinquency is for less than three years. Parks further opined that when a lawyer is suspended for such nonpayment he or she is not to practice law. According to Parks, an attorney who is suspended for nonpayment may not practice law or take action in the Supreme Court Clerk's office.

With regard to Bailey's payment history, Parks testified that the Clerk's office showed that Bailey had failed to pay her dues and was suspended on March 2, 2002, through November 14, 2002, when she paid her fee and penalty. She was again suspended on March 2, 2004, and did not pay her annual fee or penalty until October 27, 2011, when she paid $2,240 for her annual fees for those years, as well as the applicable penalties.

Hulse called no other witnesses. Bailey then moved for a directed verdict, arguing that Hulse failed to prove that Bailey was an unqualified and ineligible candidate for circuit judge. She further stated that the sole question was whether she had lost her license for CLE noncompliance and failure to pay bar dues and that the evidence demonstrated that "[s]he was

SLIP OPINION

reinstated. She always had a law license." Bailey thus argued that a writ of mandamus was not warranted, as there was no clearly established, undisputed legal right to demonstrate that mandamus should issue.

The circuit court denied Bailey's motion for a directed verdict. Bailey then called Nancie Givens, director of the Office of Professional Programs, to testify. Givens testified that a CLE suspension is a suspension of a person's right to practice law. She further stated that it is an administrative suspension, as opposed to a disciplinary suspension. On cross-examination, Givens stated that when a CLE suspension is imposed on an attorney, that attorney may not practice law because his or her license is suspended from doing so. According to Givens, a suspension for nonpayment of the license fee has the same effect. Givens further testified that a suspension by the CLE Board and a suspension for nonpayment of the annual license fee both have the same effect as a suspension from the Office of Professional Conduct.

At the conclusion of the hearing, the circuit court took the matter under advisement. Shortly thereafter, the circuit court returned to the bench and announced its ruling, stating in relevant part, as follows:

> This is a simple, yet fairly complicated case, in thinking through all of the issues that are involved. It is going to have some policy effects regarding the licensure of attorneys, qualifications to run for office in the State of Arkansas. But I know, and I think everyone in this room, especially those of you who are licensed to practice law know, that the quintessential, and I suppose the only, franchise that is granted by a license to practice law is the right to practice law. And a suspension is a suspension is a suspension; it doesn't matter whether it's administrative or whether it's disciplinary. Once a person's right to practice law is suspended, that is tantamount to suspending their license. And for the purposes of the 80 Amendment to the Constitution which

required lawyers to be licensed in the State of Arkansas for six consecutive years prior to taking office was adopted, I believe it meant just what it said. And I think that it is essential for a license under that constitutional provision to carry with it the right to practice law. I don't think you have a license if you don't have the right to practice law.

The circuit court then announced that it was granting the writ of mandamus and declaring that Bailey was not eligible to seek the office of circuit judge. Upon this announcement, Bailey requested a stay of the writ, pending appeal. The circuit court orally denied the request for the stay. A written order reflecting the rulings of the circuit court was entered that same day, March 19, 2014.

On April 2, 2014, Bailey filed a motion for new trial and reconsideration. She argued therein that the circuit court's decision was contrary to the law and she therefore requested that the court grant her a new trial and vacate its prior orders granting the writ of mandamus and disqualifying her from the ballot. She then filed an amended motion for new trial or reconsideration on April 15, 2014, alleging that the circuit court's decision in her case was contrary to a decision by another circuit court that automatic administrative suspensions violate an attorney's due-process rights because the attorney is not afforded notice or a hearing. Attached to her amended motion was an order entered by the circuit court in *Williams v. Byrd*, No. 60CV–14–1282, (Pulaski Cnty., 5th Div. Apr. 11, 2014). Thereafter, the circuit court in a letter opinion, filed of record on April 18, 2014, denied Bailey's motion and amended motion for reconsideration, stating as follows:

I have reviewed the motion and response. I am aware of the two subsequent circuit court decisions taking an opposite view on the late payment issue. Neither considered the CLE question. It would take too much high jingo to bend the constitution or to

give a second definition to "suspend." While the cause of a suspension may not reflect on the knowledge, character or competence of the attorney, the effect of a suspension is what counts when related to the constitutional qualification requirement at issue. This is a rule promulgated and adopted by the Supreme Court. Due process is presumptive. Mandamus is proper.

An order reflecting this ruling was entered on April 22, 2014. Thereafter, on that same day, Bailey filed an amended notice of expedited appeal pursuant to Arkansas Supreme Court Rule 6-1.

We turn now to the appeal before us. As a threshold matter, however, we must first determine whether Bailey has properly availed herself of the rules that permit expedited consideration in election cases. Each Appellee argues that her appeal is moot because she failed to pursue relief in this court in a timely manner, and now there is no relief available to her. It is undisputed that the ballots for the May 20 election have already been printed. In fact, prior to the circuit court hearing, all parties stipulated and agreed that March 21, 2014, was the "drop dead" deadline regarding the printing of ballots. Bailey, in a motion to this court, avers that she is not now bound by that stipulation. Whether she is bound by it is irrelevant. The real question is whether Bailey's appeal is now moot because this court can provide no relief, even were we to agree with her contention that she has always remained a licensed attorney.

It is well settled that the right to contest an election is purely statutory. *Oliver v. Phillips*, 375 Ark. 287, 290 S.W.3d 11 (2008); *Pederson v. Stracener*, 354 Ark. 716, 128 S.W.3d 818 (2003). Arkansas Code Annotated section 7-5-207(b) (Supp. 2013) provides the means for a voter to raise a pre-election attack on a candidate's eligibility to stand for election and

for the removal of an ineligible candidate's name from the ballot. *See Fite v. Grulkey*, 2011 Ark. 188; *Clement v. Daniels*, 366 Ark. 352, 235 S.W.3d 521 (2006). Section 7-5-207(b) provides in relevant part:

> No person's name shall be placed upon the ballot as a candidate for any public office in this state at any election unless the person is qualified and eligible at the time of filing . . . as a candidate for the office to hold the public office for which he or she is a candidate.

This court has consistently recognized that the proper procedure to enforce section 7-5-207(b) is an action for writ of mandamus coupled with a request for declaratory relief, which provides prompt consideration of a candidate's eligibility and, if the candidate is determined to be ineligible, the removal of the candidate's name before the election. *See Tumey v. Daniels*, 359 Ark. 256, 196 S.W.3d 479 (2004); *Helton v. Jacobs*, 346 Ark. 344, 57 S.W.3d 180 (2001).

This court has further recognized that a voter may exercise the right to raise a pre-election challenge at any time prior to the general election. *Fite*, 2011 Ark. 188; *Tumey*, 359 Ark. 256, 196 S.W.3d 479. We have observed, however, that the issue of a candidate's eligibility under section 7-5-207(b) becomes moot once the election takes place. *See, e.g.*, *Oliver*, 375 Ark. 287, 290 S.W.3d 11; *Clement*, 366 Ark. 352, 235 S.W.3d 521; *McCuen v. McGee*, 315 Ark. 561, 868 S.W.2d 503 (1994). Similarly, we have held that a party may not utilize the process established in section 7-5-207(b) in a post-election challenge. *See Zolliecoffer v. Post*, 371 Ark. 263, 265 S.W.3d 114 (2007); *Pederson*, 354 Ark. 716, 128 S.W.3d 818.

Here, there is no question that when Hulse filed her petition for declaratory relief and writ of mandamus, she was initiating a proper pre-election challenge to Bailey's qualification to stand for the office of circuit judge. Likewise, no one asserts a lack of compliance with the requirement of Arkansas Rule of Civil Procedure 78 that the circuit court schedule a hearing on the petition within two to seven days. The question of timeliness and, therefore, mootness arises because of Bailey's delay in pursuing the instant appeal.

The circuit court entered its order granting Hulse's requested relief on March 19, 2014. All parties were aware that the deadline for printing ballots was March 21, 2014. Once the circuit court granted Hulse's requested relief and refused to stay its order, Bailey could have availed herself of the provisions of Rule 6-1 and proceeded with an expedited appeal in this court. Likewise, she could have requested this court to enter a stay of the circuit court's order thus allowing her name to appear on the ballot. As it stands now, however, Bailey does not appear as a candidate for circuit judge on the ballots, which have been printed, mailed to absentee voters, and presented to early voters. In concluding her argument that the circuit court erred and its decision should be reversed, Bailey requests that "Appellee Commissioners be directed to take whatever steps are necessary to restore her name to a ballot for the aforementioned position and for any and all other relief" to which she may be entitled. Bailey makes no suggestion whatsoever as to what steps we could order the Commissioners to take to restore her name to the ballot.

Consequently, we find ourselves in a position similar to the one encountered by this court in *Ball v. Phillips County Election Commission*, 364 Ark. 574, 222 S.W.3d 205 (2006), in

9

which the court held that a petition challenging the eligibility of a candidate, filed eight days before the election was untimely and therefore moot. In so holding, this court stated as follows:

> Simply stated, Ball's petition was untimely. The candidates' names were certified on or before August 6, 2004. Ball offers no compelling reason for waiting thirty-eight days to file her petition for writ of mandamus and declaratory judgment to remove Jones' name from the ballot. If Ball had filed her suit within this thirty-eight day period (or, including the eight days following the September 13, 2004, the forty-six day period), there would have been ample time in which to resolve all relevant issues raised by Ball prior to the September 21, 2004 election.

*Id*. at 577–78, 222 S.W.3d at 207. The court in *Ball* concluded that it would not review moot issues because to do so would result in the court rendering an advisory opinion. *Id*.

The same holds true in the instant case. Bailey could have pursued her "expedited appeal" in a truly expeditious manner. She states no reason for having filed a motion for reconsideration in the circuit court, as opposed to proceeding directly in this court to seek an expedited appeal and stay of the circuit court's order. She offers not one suggestion for what relief this court can grant that would have any practical effect in light of the fact that the ballots have been printed, and it is axiomatic that this court will not make a party's argument for her. *E.g.*, *BancorpSouth Bank v. Shields*, 2011 Ark. 503, 385 S.W.3d 805. Finally, it is true that this court has recognized exceptions to the mootness doctrine in cases where the public interest is involved and where the issues presented are ones likely to recur. *See Jenkins v. Bogard*, 335 Ark. 334, 980 S.W.2d 270 (1998) (addressing issue of whether a violation of the two-to-seven day provision in Rule 78(d) for conducting hearings deprives a circuit court of jurisdiction); *Valley v. Bogard*, 342 Ark. 336, 28 S.W.3d 269 (2000) (addressing issues of

necessary and indispensable parties and venue arising from a primary-election-eligibility contest); *Jacobs v. Yates*, 342 Ark. 243, 27 S.W.3d 734 (2000) (addressing issue of standing arising from an eligibility contest in a primary election). In the instant case, however, there is simply no compelling public interest that requires us to address the issue of whether the circuit court correctly ruled that Bailey was unqualified and ineligible to run as a candidate for circuit judge, because any such decision by us would amount to an advisory opinion. To the extent that the substantive issue of a candidate's eligibility to run for circuit judge pursuant to amendment 80, section 16(b) is likely to recur, such issue is properly addressed in the companion cases decided this same day. *See Chandler v. Martin*, 2014 Ark. ___, ___ S.W.3d ___; *Kelly v. Martin*, 2014 Ark. ___, ___ S.W.3d ___; and *Williams v. Martin*, 2014 Ark. ___, ___ S.W.3d ___.

Appeal dismissed.

Special Justices RAYMOND R. ABRAMSON and TODD TURNER join in this opinion.

Special Justice WOODY BASSETT concurs in this opinion.

DANIELSON, BAKER, and GOODSON, JJ., not participating.

**WOODY BASSETT, Special Justice, concurring.** I concur with the majority opinion and reluctantly agree that the appeal of the appellant must be dismissed on the basis of mootness. Since our decision in this case, albeit correct, seems inconsistent with the results in the companion cases handed down today, some elaboration is in order.

With no clear, or even identifiable, basis in the Arkansas Constitution or the statutory law of this state upon which to hang my hat, I could not dissent from the majority opinion

11

SLIP OPINION

but instead chose to concur for the sole purpose of explaining why I felt compelled to accept the basis for dismissal of the appeal. The unique circumstances of this case dictate a full explanation.

For all the reasons set forth by the majority, there was simply and plainly no relief that could be granted to the appellant to restore her name to the ballot for the May 20, 2014 election.

The question then arises whether there was any other viable and lawful remedy this court could have, or should have, fashioned to afford relief to the appellant. Given the reasoning of a majority of this court in the three companion cases, *Kelly v. Martin*, 2014 Ark. ___, ___S.W.3d ___; *Chandler v. Martin*, 2014 Ark. ___, ___ S.W.3d ___; and *Williams v. Martin*, 2014 Ark. ___, ___ S.W.3d ___, this was a question which needed to be addressed and answered because based on the decisions reached by a majority of this court in the companion cases, Valerie Bailey meets the requirements of section 16(B) of amendment 80 to the Arkansas Constitution and is eligible to be on the ballot as a candidate to stand for election to the office of circuit judge and to serve if elected.

I gave due consideration to whether this court could provide relief to the appellant if it were to order that the May 20 election for the circuit judgeship, which the appellant filed to run for, be stayed or that the results of the election be declared null and void and that the election between the appellant and her opponent be held at the General Election on November 4, 2014.

But in the final analysis, I concluded that taking such a course would create a genuine risk of unforeseeable or unintended consequences which might spring from such a precedent. Further, imposing such a remedy would likely trigger additional litigation in response to it and pushing the election to November would most certainly raise serious and substantial constitutional concerns rooted in the separation-of-powers doctrine.

The court's decision in this case may be viewed by the appellant and others as unfair or inconsistent with the outcomes of the three companion cases decided contemporaneously with this one. I understand and acknowledge that. But sometimes the law cannot provide a remedy to make something right, and this is one of those rare and unfortunate occasions.

For these reasons, I respectfully concur.

*Nicki Nicolo* and *Valerie Bailey*, for appellant.

*Martha Adcock*, General Counsel, and *L. Justin Tate*, Associate General Counsel, for appellee Secretary of State Mark Martin.

*Amanda Mankin-Mitchell* and *Karla M. Burnett*, Pulaski County Attorney's Office; and *Larry Jegley*, Prosecuting Attorney, Sixth Judicial District, for appellees Pulaski County Election Commission and Perry County Election Commission.

*James, Carter & Coulter, PLC*, by: *Jeff R. Priebe*; and *Allred Law Firm*, by: *Allison Allred*, for appellee Kristen Hulse.