Howard W. Brill, Chief Justice, concurring. This lawsuit was over, the moment it was filed.. The.election for. mayor of Derm.ott took place on November 4, 2014. Gray finished third. The run-off election was scheduled for November 25, 2014, and ,he was excluded from the run-off election. On November 24, .2014, Gray, filed this lawsuit alleging that one of the top two candidates was a felon and should be excluded from the ballot. I concur in the decision to dismiss Gray’s appeal,.but I write separately because I base my conclusion on a different analysis. On appeal, Gray argues that the circuit court erred in dismissing his complaint for lack of subject-matter jurisdiction. Specifically, Gray 17characterizes his postelection contest as a preelection chai-lenge to Thomas-Bames’s eligibility for Dermott mayor. I agree with the circuit court’s .ruling that it lacked subject-matter jurisdiction and would dismiss the appeal on that basis. , Subject-matter jurisdiction is considered to be a court’s authority to hear and deeide a particular type of case. Hunter v. Runyan, 2011 Ark. 43, 382 S.W.3d 643. A court lacks subject-matter jurisdiction if it cannot hear a matter under any circumstances and is wholly incompetent to grant the relief sought. See, e.g., J.W. Reynolds Lumber Co. v. Smackover State Bank, 310 Ark. 342, 352-53, 836 S.W.2d 853, 858 (1992). The question whether a circuit court has subject-matter jurisdiction is based on the pleadings. Tripcony v. Ark. Sch. for the Deaf, 2012 Ark. 188, 403 S.W.3d 559. This court has stated that when the circuit court was without subject-matter jurisdiction, this court likewise would be without jurisdiction to hear the appeal. Brock v. Townsell, 2009 Ark. 224, 309 S.W.3d 179. The key issue is whether the circuit court had subject-matter jurisdiction of Gray’s election case. Election proceedings are governed by statute. Kelly v. Martin, 2014 Ark. 217, 433 S.W.3d 896 (citing Zolliecoffer v. Post, 371 Ark. 263, 265 S.W.3d 114 (2007)). This court has previously recognized a distinction between two types of election cases provided for by statute: pre-election-eligibility challenges and postelection election contests. Willis v. Crumbly, 368 Ark. 5, 242 S.W.3d 600. Our statute on preelection-eligibility challenges' provides in part that “[n]o person’s name shall be placed upon the ballot as a candidate for any public office in this state at any election unless the person is qualified and eligible at the time of filing, or as otherwise may be provided by law, as a candidate for the office to hold the public office | «for which he or she is a candidate.” Ark. Code Ann. § 7 — 5—207(b) (Supp. 2015). A voter may exercise the right to raise a preelection challenge at any time prior to the general election." Bailey v. Martin, 2014 Ark. 213, 433 S.W.3d 904. The issue of a candidate’s eligibility under section 7-5-207(b) becomes moot once the election takes place. Id. In postelection contests, a party may not utilize the process established in section 7 — 5—207(b). Bailey, 2014 Ark. 213, 433 S.W.3d 904. A posteleetion contest is a right of action “conferred on any candidate to contest the certification of nomination or the certificate of vote as made by the appropriate officials in any election.” Ark.Code Ann. § 7-5-801(a) (Supp. 2015). In the present case, Gray failed to bring a preelection-eligibility challenge pursuant to section 7-5-207(b) because he did not file his action before the general election on November 4, 2014. Gray did not attempt to have Thomas-Barnes’s name removed from the ballot until the day before the scheduled run-off election on November 25, 2014. Because Gray filed a pre-election challenge postelection, the circuit court was without subject-matter jurisdiction to consider his case at all. ’ In fact, the circuit court stated in its January 9, 2015 order that “when presented with' [Gray’s] complaint on November 24, 2014, [it] signed an ill-considered Emergency Ex Parte Injunction preventing the [Election] Commission from tabulating the votes and certifying the results.” The circuit court then ruled that “it [did] not have jurisdiction to take such action [ordering Gray as a candidate in the run-off election] or to order a new election.” Thus, based on this court’s precedent, I conclude that the circuit court properly ruled that -it lacked subject-matter jurisdiction to consider Gray’s preelection-eligibility challenge and to order Gray as a mayoral candidate in the run-off election. See, e.g., \fZolliecoffer, 371 Ark. 263, 265 S.W.3d 114 (dismissing-on the basis that the circuit court lacked subject-matter jurisdiction to consider a preelection challenge filed post-election). . Although I concur in the majority decision to dismiss the appeal, I do not believe that mootness is the proper basis for dismissal. Mootness is a threshold issue that is addressed before' the merits are reached. See, e.g., Shipp v. Franklin, 370 Ark. 262, 258 S.W.3d 744 (2007). But the issue of subject-matter jurisdiction necessarily precedes any question of mootness. Without a proper determination of subject-matter jurisdiction, a court can do nothing. This court has stated that an issue becomes moot when any judgment rendered would have no practical effect upon an existing legal controversy. See, e.g., Bd. of Directors v. Pritchett, 2015 Ark. 17, 454 S.W.3d 223. Without an existing legal controversy, mootness need not be considered. Here, the mootness doctrine does not apply because Gray was without an existing legal controversy when he filed his preelection-eligibility challenge after No: vember 4, 2014. In dismissing the'appeal as moot, the majority relies on our--decision in Fite v. Grulkey, 2011 Ark. 188, 2011 WL 1587999, in which .this court stated, that “the .issue of a candidate’s eligibility under section 7-5-207(b) becomes moot once the election takes place.” Id. at 4 (noting that Grulkey filed his preelection challenge in October 2010 before the November 2010 election and dismissing the appeal as moot because Fite did not file a notice of appeal of the circuit court’s decision until after the election was over and waited fifteen days to request expedited | inreview). The majority also cites a long line of cases for this proposition.[1] However, in the cases cited by the majority, the preelection-eligibility challenges were properly filed before the election; the circuit courts had subject-matter jurisdiction to consider the preelection challenges; and those challenges, either at the circuit-court or appellate level, were deemed untimely or moot. Gray filed his preelection challenge after the November 4, 2014 election, and the circuit court properly ruled that it lacked subject-matter jurisdiction to hear the matter. Therefore, the majority’s decision to dismiss the appeal as moot is erroneous. In my view, the circuit court was correct in its ruling. It had no jurisdiction to hear a preelection challenge filed after the first election. It was wholly incompetent to grant the In relief requested. For the foregoing reasons, I would dismiss the appeal for the circuit court’s lack of subject-matter jurisdiction. Danielson, J., joins.